IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER HARBERS, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>EDDIE BAUER LLC, and DOES 1-20, inclusive,<br><br>       Defendants. | Civil Action No.: 19-1012<br><br>**NOTICE OF REMOVAL**<br><br>[Originally King County Superior Court Case No. 19-2-14167-1 SEA] |

**PLEASE TAKE NOTICE** that Defendant Eddie Bauer LLC ("Eddie Bauer"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the King County Superior Court to the United States District Court for the Western District of Washington.

**I.     INTRODUCTION**

1.     This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy

NOTICE OF REMOVAL ................................................ 1

exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and involves citizens of different states.

## II. BACKGROUND

2. On May 28, 2019, Plaintiff Jennifer Harbers, purportedly on behalf of herself and "all others similarly situated," filed a civil action in the King County Superior Court entitled *Jennifer Harbers v. Eddie Bauer LLC*, King County Superior Court, Case No. 19-2-14167-1 SEA. Plaintiff served the Summons and Complaint on Eddie Bauer on May 29, 2019. (*See* Exhibit A, which includes the Summons, Complaint and additional documents served on Eddie Bauer.) No other activity has occurred in the case.

3. The Complaint, which is styled as a class action, purports to bring claims for damages, disgorgement, and injunctive relief under Washington's Consumer Protection Act ("CPA"), RCW Chapter 19.86, and for permanent injunctive relief under RCW 19.86.093. Plaintiff's Complaint alleges that Eddie Bauer has deceived customers by perpetually offering items at a discount.

4. The proposed putative nationwide class consists of "[a]ll persons in the United States of America who, within the applicable limitations period, purchased from an Eddie Bauer brick-and-mortar store or from the Eddie Bauer website (excluding any purchase from an Eddie Bauer Outlet brick-and-mortar store) one or more products which was advertised or promoted by displaying or disseminating a reference price." (Complaint ¶ 66.)

5. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of Plaintiff's claim for relief. Eddie Bauer reserves the right to supplement and amend this Notice of Removal.

## III. REQUIREMENTS FOR REMOVAL UNDER CAFA

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in

which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

### IV.   THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

#### A.   The Number of Proposed Class Members Exceeds 100

7.   The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable," but does not identify the number of class members. (Complaint ¶ 68.)

8.   According to Plaintiff's Complaint, the putative nationwide class includes all Eddie Bauer customers who have bought anything on sale, anywhere in the country, in-store or online, during the class period. (Complaint ¶ 66.) The size of the putative class thus well exceeds 100 members. Indeed, Plaintiff estimates that the available damages are "at least tens of millions of dollars." (Prayer for Relief ¶ b.)

#### B.   The Amount in Controversy Exceeds $5 Million

9.   Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in her Complaint, and does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. See *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

10. Here, taking Plaintiff's allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000. The Prayer for Relief requests, inter alia, the following relief:

> B. For damages, including actual damages to Plaintiff and the Class in an amount to be determined at trial but which is more than $ 100,000 and *which is estimated to be at least tens of millions of dollars*, pursuant to, without limitation, RCW 19.86.090;
>
> C. For *additional damages up to an amount not to exceed three times the actual damages* sustained by the Plaintiff and the members of the Class up to any applicable statutory maximum pursuant to, without limitation, RCW 19.86.090;
>
> D. For disgorgement or restitution, including, without limitation, *disgorgement of all revenues*, profits and/or unjust enrichment that each defendant obtained, directly or indirectly, from Plaintiff and the members of the Class or otherwise as a result of the unlawful conduct alleged herein;

(Prayer for Relief ¶ b-d (emphasis added).)

11. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

12. Plaintiff seeks a disgorgement of Eddie Bauer's profits, in addition to treble damages. (Prayer for Relief ¶ c, d.) Given the number of potential class members, and the number of commercial email messages, the amount in controversy easily exceeds $5,000,000. Plaintiff estimates that actual damages are in the tens of millions of dollars. (Prayer for Relief ¶ b.) Accounting for the treble damages, however, Plaintiff need only allege $1,666,666.67 in actual damages in order to satisfy the $5 million threshold.

13. Plaintiff also seeks an award of attorney's fees and injunctive relief. (Prayer for Relief ¶¶ f, h, j). While Eddie Bauer denies that Plaintiff is entitled to either, each pushes the amount in controversy even further above the $5,000,000 million minimum. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of 10 the common fund); *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount in controversy includes defendants' potential cost of compliance with a request for injunctive relief).

### C.  Minimum Diversity Exists

14. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

15. Plaintiff is a resident of Washington. (Complaint ¶ 8.) However, the putative nationwide class includes customers from across the country. (*Id*. ¶ 66.)

16. The Complaint alleges that Eddie Bauer is "is a limited liability corporation chartered under the laws of the State of Delaware and which currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business or nerve center in Bellevue, Washington." (Complaint ¶ 9.) Therefore, under 28 U.S.C. § 1332(d)(10), Eddie Bauer is a citizen of Delaware and Washington.

17. Diversity exists because Eddie Bauer is a citizen of the States of Washington and Delaware, as the citizenship of an unincorporated association is defined at 28 U.S.C. §1332(d)(10). Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes ….").

18. For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted. For example … under § 1332(d)(10), 'an unincorporated association [is] ... deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'"); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) ("For CAFA's purposes, [defendant] is a citizen both of the state where it has its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10)."). To determine the principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

19. The diversity requirement is clearly satisfied because the putative class includes members from across the country, and Eddie Bauer is not a citizen of all fifty states. 28 U.S.C. § 1332(d)(2).

    **D.**    **No CAFA Exceptions Apply**

20. The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

**V.**    **THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

21. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the King County Superior Court is located within the Western District of Washington.

22. This Notice of Removal is timely because it was filed within thirty days of May 29, 2019, the date on which Eddie Bauer was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

23. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other documents served on Eddie Bauer are attached as Exhibit A.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the King County Superior Court. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff.

25. Pursuant to LCR 101(b)(1) and (3), Plaintiff's Complaint filed May 28, 2019 and Jury Demand filed May 28, 2019 are filed herewith. A certificate of service is included below pursuant to LCR 101(b)(2).

**VI.**    **CONCLUSION**

Eddie Bauer respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

Respectfully submitted this 28th day of June, 2019,

    SEED IP Law Group LLP

    /s/ Marc C. Levy
    Marc C. Levy, WSBA No. 19203

    /s/ Thomas A. Shewmake
    Thomas A. Shewmake, WSBA No. 50765
    701 Fifth Ave., Suite 5400
    Seattle, WA 98104
    Telephone: 206-622-4900
    Facsimile: 206-682-6031
    marcl@seedip.com
    tomshewmake@seedip.com

    STEPTOE & JOHNSON LLP
    Stephanie A. Sheridan (*pro hac vice forthcoming*)
    Anthony J. Anscombe (*pro hac vice forthcoming*)
    Meegan B. Brooks (*pro hac vice forthcoming*)
    One Market Street
    Steuart Tower, Suite 1800
    San Francisco, CA 94105
    Telephone: 415-365-6700
    Facsimile: 415-365-6699
    ssheridan@steptoe.com
    aanscombe@steptoe.com
    mbrooks@steptoe.com

    Attorneys for Defendant
    Eddie Bauer LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June 2019, I caused to be electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

> Daniel M. Hattis
> Che Corrington
> dan@hattislaw.com
> che@hattislaw.com
> HATTIS & LUKACS
> 400 108th Avenue, Suite 500
> Bellevue, WA 98004

       /s/Jennifer Ruppert
       Jennifer Ruppert

6857086_1.doc