1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SUPERIOR COURT OF WASHINGTON**
**FOR KING COUNTY**

JENNIFER HARBERS,
for Herself, as a Private Attorney
General, and/or On Behalf Of All
Others Similarly Situated,

                      Plaintiff,

    v.

EDDIE BAUER LLC,
and DOES 1–20, inclusive,

                Defendants.

No. _____

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
RELIEF UNDER THE CONSUMER
PROTECTION ACT, RCW 19.86

Plaintiff JENNIFER HARBERS, demanding trial by jury as to all issues so triable in a separate document to be filed, alleges as follows, on personal knowledge and/or on information and belief and/or on the investigation of her counsel, against Defendant Eddie Bauer LLC, and Defendants Does 1 through 20, inclusive:

## I.    <u>INTRODUCTION</u>

    1.    Defendant Eddie Bauer LLC is a popular retailer which claims to offer "premium-quality clothing, accessories, and gear for men and women that complement today's modern outdoor lifestyle."

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 1

2.     This lawsuit concerns Eddie Bauer LLC's nationwide sales in its "Eddie Bauer" branded brick-and-mortar stores and on the Eddie Bauer website at www.eddiebauer.com (hereinafter collectively referred to as "Eddie Bauer"). (This lawsuit does not concern Eddie Bauer LLC sales in its "Eddie Bauer Outlet" brick-and-mortar stores.)

3.     Almost all the items sold by Eddie Bauer are branded as "Eddie Bauer" products, and are exclusively sold by Eddie Bauer LLC.

4.     For years, Eddie Bauer has perpetrated a massive false discount advertising scheme across virtually all of its Eddie Bauer-branded products. Eddie Bauer advertises perpetual or near perpetual discounts (typically a purported savings of 30% to 50% off) from Eddie Bauer's self-created list prices for its products. Eddie Bauer represents its list prices to be the regular and normal prices of the items, and the list prices function as reference prices from which the advertised discounts and percentage-off sales are calculated.

5.     Eddie Bauer's discounts and reference prices are false, because Eddie Bauer rarely if ever offers its products at the advertised list price. Eddie Bauer perpetrates this illegal scheme in order to increase its revenues and profits by tricking consumers into believing they are getting a bargain on purportedly "premium-quality" clothing and gear.

6.     Eddie Bauer's nationwide fraudulent advertising scheme harms consumers like Plaintiff Jennifer Harbers by causing them to pay more than they otherwise would have paid and to buy more than they otherwise would have bought. Customers do not enjoy the actual discounts Eddie Bauer promises them, and the items are not in fact worth the amount that Eddie Bauer represents to them.

7.     Fortunately, the Court has been equipped by the Washington Legislature with multiple tools for remedying Eddie Bauer's unlawful behavior. In addition to actual damages (which can be trebled) and attorneys' fees and court costs, this Court can and should enter a permanent injunction which polices Eddie Bauer's use of false discounts and false reference prices in its advertising.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 2

HATTIS & LUKACS
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

## II.     PARTIES

8.      Plaintiff Jennifer Harbers is a citizen of the United States of America and a citizen of the State of Washington and an individual and a natural adult person who resides in the City of Redmond, King County, Washington State.

9.      Defendant Eddie Bauer LLC is a limited liability corporation chartered under the laws of the State of Delaware and which currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business or nerve center in Bellevue, Washington. Eddie Bauer LLC operates approximately 370 "Eddie Bauer" branded retail stores throughout the United States and Canada (exclusive of its "Eddie Bauer Outlet" stores which are not the subject of this lawsuit).

10.     Defendants Doe 1 through Doe 20, inclusive, aided and/or abetted Defendant Eddie Bauer LLC in such a manner that Doe 1 through Doe 20, inclusive, are each directly, contributorily, vicariously, derivatively, and/or otherwise liable for the acts or omissions of Defendant Eddie Bauer LLC. Plaintiff is currently unaware of the true identities of Doe 1 through Doe 20, inclusive; Plaintiff anticipates that, upon learning the true identities of any of Doe 1 through Doe 20, inclusive, Plaintiff will either freely amend the operative complaint or request leave from the Court to amend the operative complaint.

## III.     JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this civil action pursuant to, without limitation, Section 6 of Article IV of the Washington State Constitution (Superior Court jurisdiction, generally) and RCW 19.86.090 (Superior Court jurisdiction over Consumer Protection Act claims).

12.     This Court has personal jurisdiction over each of the defendants pursuant to, without limitation, RCW 4.28.185: (1) Eddie Bauer LLC is headquartered in Washington and is authorized to do business and regularly conducts business in Washington; (2) the claims alleged herein arise from Eddie Bauer LLC's activities within the State of Washington; and/or (3) Eddie Bauer LLC has committed tortious acts within the State of Washington (as alleged, without limitation, throughout this Complaint).

HATTIS & LUKACS
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

13.     With regard to the cause of action brought pursuant to the Washington Consumer Protection Act, this Court has personal jurisdiction over each of the defendants pursuant to RCW 19.86.160. Defendant Eddie Bauer LLC has engaged in conduct in violation of RCW Chapter 19.86 which has had an impact in Washington State which said chapter reprehends.

14.     Venue is proper in King County Superior Court because, without limitation, Plaintiff Harbers resides in King County; Defendant Eddie Bauer LLC is headquartered in King County; a significant portion of the acts giving rise to this civil action occurred in King County; and/or Defendant Eddie Bauer LLC intended to and did have a substantial and foreseeable effect on trade or commerce in King County.

15.     Within the jurisdiction of King County Superior Court, this civil action is assigned to the Seattle Case Assignment Area because, without limitation, Defendant Eddie Bauer LLC is headquartered in the City of Bellevue, King County, and Plaintiff resides in the City of Redmond, King County.

**IV.     PLAINTIFF'S FACTUAL ALLEGATIONS**

16.     Plaintiff Jennifer Harbers has made numerous purchases from Eddie Bauer over the years, primarily through the Eddie Bauer website (www.eddiebauer.com)

17.     For example, on or about June 20, 2016, during Eddie Bauer's advertised "Semi-Annual Sale," Ms. Harbers purchased a pair of crop pants from the Eddie Bauer website.

18.     On June 20, 2016, Ms. Harbers visited the Eddie Bauer website and viewed the product webpage for the Women's Myriad Crop Pants – Solid Heather, Item # i11 792 0305 ("Crop Pants"), which is reproduced below:

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

19.     On this webpage, Ms. Harbers saw several representations of reference prices and discounts. Ms. Harbers viewed the sale price of "$39.99" in red text, next to a strikethrough reference price of "$70.00" and the word "SALE!" in red text below the reference price. Stretching across the top of the product page was a large banner, reading: "SEMI-ANNUAL SALE **UP TO 60% OFF**." (Emphasis in original, as alleged here and as alleged elsewhere in this Complaint.)

20.     Based on Eddie Bauer's representations, Ms. Harbers reasonably believed that Eddie Bauer regularly and normally offered the Crop Pants for $70.00, and that the advertised "SALE!" price of $39.99 was discounted from the regular price. Based on Eddie Bauer's representations, Ms. Harbers reasonably believed that the Crop Pants had a value of, and were worth, $70.00.

21.     However, Eddie Bauer's representations and advertised discounts were false and deceptive. In reality, and unbeknownst to Ms. Harbers, Eddie Bauer had offered these Crop Pants at the purported regular price of $70.00 for only 4 out of the previous 69 days (i.e., 5.8% of the time) since the pants had first been offered. On the other 65 days, including on the very first day the pants were offered, Eddie Bauer had advertised a continual discount of between 25% and 50% off which was often advertised via a banner ad appearing in the website header

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

site-wide. Below is a daily price history chart of the Myriad Crop pants purchased by Ms. Harbers:

### Women's Myriad Crop Pants – Solid Heather (Item # i11 792 0305)



22.     Eddie Bauer's advertised strikethrough reference price of $70.00, its advertised "SALE!" price of $39.99, and its banner advertisement "SEMI-ANNUAL SALE **UP TO 60% OFF**" were material misrepresentations and inducements to Ms. Harbers' purchase.

23.     Ms. Harbers reasonably relied on Eddie Bauer's material misrepresentations concerning the strikethrough reference price and sale signage. If Ms. Harbers had known the truth, she would have acted differently.

24.     These misrepresentations by Eddie Bauer are material misrepresentations, in that they are the type of representations on which ordinarily prudent people rely upon in the conduct of their affairs.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 6

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

25.     The false or misleading nature of Eddie Bauer's perpetual or near perpetual sales were, at all relevant times, masked or concealed or hidden such that an ordinary consumer exercising reasonable care under all the circumstances would not have known of or discovered their false or misleading nature.

26.     As a direct and proximate result of Eddie Bauer's acts and omissions, Ms. Harbers was harmed, suffered an injury in fact, and has lost money or property.

27.     Eddie Bauer's false advertising harmed Ms. Harbers by causing her to pay more than she otherwise would have paid and to buy more than she otherwise would have bought. Ms. Harbers did not enjoy the discounts from the purported regular prices that Eddie Bauer promised her, and the Crop Pants were not, in fact, worth as much as Eddie Bauer represented them to be worth.

28.     Eddie Bauer's false advertising scheme has harmed all of its customers by fraudulently increasing demand for all of its products, thereby shifting the demand curve and enabling Eddie Bauer to charge its customers more than it otherwise could have charged and to generate more sales than it otherwise would have generated.

29.     Ms. Harbers has a legal right to rely now, and in the future, on the truthfulness and accuracy of Eddie Bauer's representations regarding its advertised reference prices and its advertised discounts and sale events. Ms. Harbers will be harmed if, in the future, she is left to guess as to whether Eddie Bauer is providing a legitimate sale or not.

30.     If Ms. Harbers were to purchase again from Eddie Bauer without Eddie Bauer having changed its unlawful and deceptive conduct alleged herein, Ms. Harbers would be harmed on an ongoing basis and/or would be harmed once or more in the future.

31.     Plaintiff Harbers brings each of cause of action in this Complaint in her individual capacity, as a private attorney general on behalf of the general public and/or on behalf of the Class (defined below).

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 7

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

## V.      REFERENCE PRICING OVERVIEW

32.      A "reference price" is a stated price presented alongside the retailer's actual

offering price, which retailers use to convince consumers that they are getting a good deal.

33.      Over the past forty years, a substantial body of research on the effects of

reference prices (also referred to in the relevant literature as "advertised reference prices,"

"advertised former prices," "external reference prices," and "comparative prices") shows that

reference prices: (i) impact consumers' perceptions of the value of the sales deal; (ii) impact

consumers' willingness to make the purchase; (iii) decrease consumers' intentions to search for

a lower price; and (iv) allow sellers that utilize reference prices to charge higher prices and

make increased sales. Consumers form an "internal reference price," also known as an

"expected price," an "aspirational price" (a price the consumer would like to pay) or a

"normative price" (a price that is "fair"). Consumers store and retrieve the "internal reference

price" from memory to judge the merits of a specific price offer. Even where an advertised

reference price is exaggerated and not itself completely believed, perceptions of value increase

in comparison to a promotion with no advertised reference price. Thus, retailers' use of

reference prices influences consumers' "internal reference price" and subsequently, increases

consumers' willingness to purchase the product.[1]

---

[1] See, e.g., Rajesh Chandrashekaran & Dhruv Grewal, *Assimilation of Advertised Reference Prices: The Moderating Role of Involvement*, 79 J. Retailing 53 (2003); Pilsik Choi & Keith S. Coulter, *It's Not All Relative: The Effects of Mental and Physical Positioning of Comparative Prices on Absolute Versus Relative Discount Assessment*, 88 J. Retailing 512 (2012); Larry D. Compeau & Dhruv Grewal, *Comparative Price Advertising: An Integrative Review,* 17 J. Pub. Pol'y & Mktg. 257 (1998); Larry D. Compeau, Dhruv Grewal & Rajesh Chandrashekaran, *Comparative Price Advertising: Believe It or Not*, 36 J. Consumer Aff. 284 (2002); David Friedman, *Reconsidering Fictitious Pricing*, 100 Minn. L. Rev. 921 (2016); Dhruv Grewal & Larry D. Compeau, *Consumer Responses to Price and its Contextual Information Cues: A Synthesis of Past Research, a Conceptual Framework, and Avenues for Further Research*, in 3 Rev. of Mktg. Res. 109 (Naresh K. Malhotra ed., 2007); Daniel J. Howard & Roger A. Kerin, *Broadening the Scope of Reference Price Advertising Research: A Field Study of Consumer Shopping Involvement*, 70 J. Mktg. 185 (2006); Aradhna Krishna, Richard Briesch, Donald R. Lehmann & Hong Yuan, *A Meta-Analysis of the Impact of Price Presentation on Perceived Savings*, 78 J. Retailing 101 (2002); Balaji C. Krishnan, Sujay Dutta & Subhash Jha, *Effectiveness of Exaggerated Advertised Reference Prices: The Role of Decision Time Pressure*, 89 J. Retailing 105 (2013); and Tridib Mazumdar, S. P. Raj & Indrahit Sinha, *Reference Price Research: Review and Propositions*, 69 J. Mktg. 84 (2005).

34.     When a reference price is bona fide and truthful, it may help consumers in making informed purchasing decisions. In contrast, consumers are harmed when merchants advertise their products with inflated and false reference prices, because the false reference prices deceive consumers, deprive consumers of a fair opportunity to accurately evaluate the offer, and result in purchasing decisions based on false pretenses.

35.     False reference pricing causes consumers to pay more than they otherwise would have paid for products. False reference pricing also fraudulently increases consumer demand for products, enabling retailers to charge higher prices than they otherwise could have charged.

36.     Beyond the adverse impact upon consumers' welfare, the practice of employing false reference pricing also negatively affects the integrity of competition in retail markets. A retailer's use of false reference prices constitutes an unfair method of competition, injuring honest competitors that sell the same or similar products, or otherwise compete in the same market, using valid and accurate reference prices. Businesses who play by the rules—and the investors in those businesses—are penalized if the unlawful advertising practices of their competitors go unchecked.

## VI.     LAWS PROHIBITING FALSE REFERENCE PRICING

37.     "The [Consumer Protection Act], first enacted in 1961, is Washington's principal consumer protection and antitrust statute. The consumer protection provisions of the CPA were modeled after Section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45." Washington Pattern Jury Instruction No. 310.00 (Consumer Protection Act — Introduction).

38.     The Washington Consumer Protection Act is codified as Chapter 19.86 of the Revised Code of Washington. Its principal substantive provision declares unfair methods of competition and unfair or deceptive acts or practices to be unlawful. RCW 19.86.020. "Private rights of action may now be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. RCW 19.86.090. A private plaintiff may be eligible for treble damages … Private consumers may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights. RCW 19.86.090." Washington Pattern Jury Instruction No. 310.00

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 9

HATTIS & LUKACS
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

(Consumer Protection Act — Introduction).

39.     The Washington Legislature has declared the purpose and intent of the Consumer Protection Act: "The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters …" RCW 19.86.920.

40.     The Federal Trade Commission ("FTC") describes false former price schemes, similar to Eddie Bauer's in all material respects, as deceptive:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious -- for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction -- the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such cases, the "reduced price" is, in reality, probably just the seller's regular price.

> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was <u>openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith -- and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based</u>…

> (c) The following is an example of a price comparison based on a fictitious former price. John Doe is a retailer of Brand X fountain pens, which cost him $5 each. His usual markup is 50 percent over cost; that is, his regular retail price is $7.50. In order subsequently to offer an unusual "bargain", Doe begins offering Brand X at $10 per pen. He realizes that he will be able to sell no, or very few, pens at this inflated price. But he doesn't care, for he maintains that price for only a few days. Then he "cuts" the price to its usual level - $7.50 - and advertises: "Terrific Bargain: X Pens, Were $10, Now Only $7.50!" This is obviously a false claim. The advertised "bargain" is not genuine.

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

16 C.F.R § 233.1 (emphasis added).

## VII.    FACTUAL ALLEGATIONS OF EDDIE BAUER'S DECEPTIVE PRACTICES

41.     Defendant Eddie Bauer, which is headquartered in Bellevue, Washington, is a popular retailer which claims to offer "premium-quality clothing, accessories, and gear for men and women that complement today's modern outdoor lifestyle."

42.     This lawsuit concerns Eddie Bauer LLC's nationwide sales in its "Eddie Bauer" branded brick-and-mortar stores and on the Eddie Bauer website at www.eddiebauer.com (collectively referred to as "Eddie Bauer"). (This lawsuit does not concern Eddie Bauer LLC sales in its "Eddie Bauer Outlet" brick-and-mortar stores.)

43.     Eddie Bauer currently operates approximately 370 stores in North America, with at least eight locations in Washington State. The Eddie Bauer website is accessible from Washington State and nationwide, and consumers in Washington State and nationwide view the contents of the Eddie Bauer website and purchase goods from Eddie Bauer's website.

44.     Almost all the items sold by Eddie Bauer (well over 95 percent) are branded as "Eddie Bauer" products, and are exclusively sold by Eddie Bauer LLC.

45.     For years, Eddie Bauer has perpetrated a massive false discount advertising scheme across virtually all of its Eddie Bauer-branded products, in order to trick customers into believing that they are getting a bargain on purportedly "premium-quality" clothing and gear.

46.     For most days of the year, Eddie Bauer advertises store-wide and website-wide sales (often presented as "sales events") of its Eddie Bauer-branded products at a fixed percentage off (typically ranging from 30% to 50% off) from an advertised—and self-created—list price. For the other days of the year, Eddie Bauer continues to advertise sales and discounts from the purported list price for the overwhelming majority of its products.

47.     The list price (i.e., reference price) is presented by Eddie Bauer as its regular and normal price for the products from which the discounts are taken. The list price is advertised on product tags, on in-store signage, and on the Eddie Bauer website. Eddie Bauer advertises its percentage-off and dollar discounts on brick-and-mortar store signage (inside the store, on the racks and shelves, on the store windows, and at the entrance), on its website (on

HATTIS & LUKACS
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

site-wide banner ads, on the homepage, and in website product listings), and via direct mail, email, print, and other internet advertising.

48.    Plaintiff's counsel has been monitoring Eddie Bauer's website since January 16, 2016, and has assembled a comprehensive historical database of daily prices and screenshots of approximately 1.9 million daily offerings for approximately 8,000 products over this more than three-year period.

49.    Plaintiff's counsel's data and investigation demonstrates that Eddie Bauer's advertised store-wide sales and advertised discounts are false, and that its list prices (i.e., reference prices) from which the discounts are calculated are false and inflated. For many products, Eddie Bauer never or almost never offers the products at the list price. For the rest of its products, Eddie Bauer offers the products at the list price less than ten percent of the time.

50.    Eddie Bauer's false discounting scheme is for all intents and purposes identical to that which the FTC Pricing Guides describe as false and misleading. *See* 16 C.F.R § 233.1 "Former Price Comparisons." On information and belief, on those rare occasions that Eddie Bauer offers its products at list price, it does so in bad faith, solely for the purpose of "establishing" its list price to attempt to exculpate itself from legal liability for its illegal pricing scheme. It is Eddie Bauer's intent to sell few if any products at list price, and in fact Eddie Bauer sells few if any products at list price.

51.    Based on investigation of Plaintiff's counsel and on information and belief, Eddie Bauer's online and in-store list and sales prices are the same or substantially the same. For example, below are pictures demonstrating that Eddie Bauer advertises the identical sale events and percentage discounts in-store and online. Below is a photograph taken on April 3, 2019, of a sign at the entrance of Eddie Bauer's flagship Bellevue, Washington store advertising Eddie Bauer's "SPRING MADNESS" sale event of "50% OFF ENTIRE STORE." To the right of that is a photograph, taken inside that store on the same day, of a "TAKE 50% OFF" rack sign; similar "50% OFF" signs were posted throughout the store. Below the photographs is a screenshot of the Eddie Bauer website homepage taken on that same day April

1   3, 2019, advertising the very same "SPRING MADNESS EVENT **50% OFF**

2   **EVERYTHING**" sale event.

**Signage at Store Entrance**
**April 3, 2019**

**Rack Signage in the Store**
**April 3, 2019**





**Website Homepage on April 3, 2019**



52.     Plaintiff's counsel's daily investigation over a more than three-year period shows that Eddie Bauer advertises continual and overlapping sale events like this year-round, with almost no breaks, such that Eddie Bauer never or rarely offers its products at its advertised reference prices.

53.     To illustrate this deceptive scheme in practice, below are examples of continual overlapping sale events at Eddie Bauer for the period February 14, 2017 through October 23, 2017.

54.     During the four-month period from February 14, 2017 to June 19, 2017, Eddie Bauer advertised store-wide and website-wide sale events of either "xx% Off Everything" or "xx% Off Your Entire Purchase," without a single break between these sale events. The table below lists the date range and advertised description for each sale event as displayed on the Eddie Bauer website. The bold, italic, and/or all capitals emphases are from the original:

| Date(s) | Advertised Sale Event |
| --- | --- |
| 02/14/2017 – 02/21/2017 | PRESIDENTS' DAY SALE **40% OFF EVERYTHING** |
| 02/22/2017 – 03/06/2017 | TODAY! MEMBERS RECEIVE 30% OFF YOUR ENTIRE PURCHASE |
| 03/07/2017 – 03/09/2017 | LIMITED TIME! **30% OFF YOUR PURCHASE** |
| 03/10/2017 – 03/20/2017 | **SPRING SALE** 40% OFF YOUR PURCHASE |
| 03/21/2017 – 03/28/2017 | **SPRING SALE** 150+ NEW ARRIVALS **40% OFF EVERYTHING** |
| 03/29/2017 – 04/02/2017 | **40% OFF EVERYTHING** |
| 04/03/2017 – 04/09/2017 | **SPRING SALE** 150+ NEW ARRIVALS **40% OFF EVERYTHING** |
| 04/10/2017 – 04/13/2017 | GEAR UP FOR SPRING **EVERYTHING UP TO 50% OFF** |
| 04/14/2017 – 04/17/2017 | **EVERYTHING UP TO 50% OFF + EXTRA 10% OFF YOUR PURCHASE** |
| 04/18/2017 – 04/24/2017 | GEAR UP FOR SPRING **EVERYTHING UP TO 50% OFF** |
| 04/25/2017 – 05/01/2017 | **30% OFF YOUR PURCHASE** |
| 05/02/2017 – 05/04/2017 | **30% OFF EVERYTHING | LIMITED TIME! 50% OFF ALL WOMEN'S TOPS & DRESSES** |
| 05/05/2017 – 05/07/2017 | **30% OFF EVERYTHING | LIMITED TIME! 50% OFF WOMEN'S ALL PANTS, CAPRIS & SHORTS** |

HATTIS & LUKACS
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

| 05/08/2017 – 05/14/2017 | **CELEBRATE MOM 40% OFF ALL WOMEN'S STYLES \| 30% OFF EVERYTHING ELSE** |
| 05/15/2017 – 05/21/2017 | **30% OFF YOUR ENTIRE PURCHASE** |
| 05/22/2017 – 05/30/2017 | MEMORIAL DAY SALE **40% OFF YOUR PURCHASE** |
| 05/31/2017 – 06/19/2017 | **30% OFF EVERYTHING** |

55.     Then, in a short, twenty-day period from June 20, 2017 to July 9, 2017, Eddie Bauer had its "Semi-Annual Sale" sale event where, for thirteen of these twenty days, Eddie Bauer continued to offer over two-thirds of its products at a discount. For the remaining seven days, Eddie Bauer advertised either a "xx% Off Everything" sale or a "xx% Off Your Purchase" sale:

| Date(s) | Advertised Sale Event |
| --- | --- |
| 06/20/2017 – 06/24/2017 | **SEMI-ANNUAL SALE UP TO 60% OFF** |
| 06/25/2017 – 06/28/2017 | **SEMI-ANNUAL SALE UP TO 60% OFF + EXTRA 10% OFF YOUR PURCHASE** |
| 06/29/2017 – 07/05/2017 | **EVERYTHING UP TO 60% OFF \| PLUS, EXTRA 10% OFF YOUR PURCHASE** |
| 07/06/2017 – 07/08/2017 | **FINAL DAYS! SEMI-ANNUAL SALE UP TO 60% OFF** |
| 07/09/2017 | **LAST DAY! SEMI-ANNUAL SALE UP TO 60% OFF** |

56.     After this twenty-day period, Eddie Bauer returned to its regular practice of advertising perpetual sale events of either "xx% Off Everything" or "xx% Off Your Purchase," without a single break between these sale events. This continued for another three-month period, from July 10, 2017 to October 23, 2017:

| Date(s) | Advertised Sale Event |
| --- | --- |
| 07/10/2017 | **30% OFF YOUR PURCHASE** |
| 07/11/2017 | ***ONE DAY ONLY! 50% OFF YOUR PURCHASE*** |
| 07/12/2017 – 07/17/2017 | **30% OFF YOUR PURCHASE** |
| 07/18/2017 – 07/26/2017 | **30% OFF EVERYTHING INCLUDES NEW ARRIVALS** |
| 07/27/2017 – 08/03/2017 | **30% OFF YOUR PURCHASE** |
| 08/04/2017 – 08/07/2017 | **40% OFF YOUR PURCHASE** |

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

| 08/08/2017 – 08/11/2017 | **30% OFF EVERYTHING + JOIN NOW & GET AN EXTRA $20 OFF $100** |
|---|---|
| 08/12/2017 – 08/15/2017 | **LIMITED TIME! 30% OFF EVERYTHING + JOIN NOW & GET AN EXTRA $20 OFF $100** |
| 08/16/2017 – 08/23/2017 | **FRIENDS & FAMILY EVENT 40% OFF YOUR PURCHASE** |
| 08/24/2017 – 08/29/2017 | **30% OFF YOUR PURCHASE  NEW SEASON. NEW ADVENTURES.** |
| 08/30/2017 – 09/05/2017 | **40% OFF EVERYTHING LABOR DAY SALE** |
| 09/06/2017 – 10/05/2017 | **30% OFF EVERYTHING FALL SALE** |
| 10/06/2017 – 10/09/2017 | **EVERYTHING UP TO 60% OFF HOLIDAY WEEKEND SALE** |
| 10/10/2017 – 10/18/2017 | **FALL SALE EVERYTHING UP TO 60% OFF** |
| 10/19/2017 – 10/23/2017 | **40% OFF YOUR PURCHASE** |

57.     Eddie Bauer utilizes this false discounting scheme in order to advertise year-round sales on nearly all of its products and deceive its customers into believing they are getting a bargain on "premium-quality" products.

58.     Eddie Bauer's false advertising scheme constitutes an unfair or deceptive act or practice and is unlawful under the Washington Consumer Protection Act, RCW 19.86.

59.     The false discount and false reference price representations by Eddie Bauer were material to consumers' decision to purchase each product. Because of the false discount and false reference price representations, consumers reasonably believed they would be enjoying a significant discount if they purchased these products, and consumers purchased these products from Eddie Bauer on the basis of these representations in order to enjoy the purported discount.

60.     Eddie Bauer advertised inflated reference prices in order to hoodwink its customers into believing that the products were worth more than they actually were, so that they would pay more than they otherwise would have paid.

61.     The false or misleading nature of Eddie Bauer's discounts and reference pricing was, at all relevant times, masked or concealed such that an ordinary consumer exercising reasonable care under all the circumstances would not have known or discovered their false or misleading nature.

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

62.     As a direct and proximate result of Eddie Bauer's acts and omissions, all consumers who have purchased a product from Eddie Bauer that was advertised with a false reference price and/or a false discount have been harmed, have suffered an injury in fact, and have lost money or property.

63.     Eddie Bauer continues to display false reference prices and false discounts to this day. There is no reason to believe that Eddie Bauer will voluntarily and permanently cease its unlawful practices. Moreover, in the unlikely event that Eddie Bauer were to cease its unlawful practices, Eddie Bauer can and/or is likely to re-commence these unlawful practices (particularly if Eddie Bauer experiences a resulting decrease in revenues)

64.     In acting toward consumers and the general public in the manner alleged herein, Eddie Bauer acted with and was guilty of malice, fraud, and/or oppression and/or acted in a manner with a strong and negative impact upon Plaintiff, the Class and the public.

65.     Each cause of action pled in this Complaint is pled solely to the extent that each Defendant is primarily engaged in the business of selling goods or services. Each cause of action arises from a statement or conduct by a Defendant in which: (a) the statement or conduct consists of representations of fact about each Defendant's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales of, or commercial interest in, each Defendant's goods or services, or the statement or conduct was made in the course of delivering each Defendant's goods or services; and (b) the intended audience is an actual or potential buyer or customer or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer.

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

## VIII.   <u>CLASS ACTION ALLEGATIONS</u>

66.     Plaintiff Harbers brings this class-action lawsuit on behalf of herself and the members of the following class (the "Class"):

> **All persons in the United States of America who, within the applicable limitations period, purchased from an Eddie Bauer brick-and-mortar store or from the Eddie Bauer website (excluding any purchase from an Eddie Bauer Outlet brick-and-mortar store) one or more products which was advertised or promoted by displaying or disseminating a reference price or discount.**

67.     Specifically excluded from the Class are each defendant, any entity in which a defendant has a controlling interest or which has a controlling interest in a defendant, a defendant's agents and employees and attorneys, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.

68.     ***Numerosity.*** Plaintiff does not know the exact number of Class members but is informed and believes that the Class easily comprises hundreds of thousands of individuals. As such, Class members are so numerous that joinder of all members is impracticable.

69.     ***Commonality and Predominance.*** Well-defined, nearly identical legal or factual questions affect the members of the Class. These questions predominate over questions that might affect individual Class members. These common questions include, but are not limited to, the following:

a.     Eddie Bauer's policies and actions regarding its advertising;

b.     The accuracy of Eddie Bauer's advertised reference prices;

c.     Whether the alleged conduct of Eddie Bauer constitutes an unfair or deceptive act or practice;

d.     Whether the alleged conduct of Eddie Bauer causes injury to the business or property of other persons;

e.     Whether the alleged conduct of Eddie Bauer is injurious to the public interest;

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

f.      Whether Eddie Bauer should be ordered to pay damages or disgorge unjust enrichment; and

g.      Whether Eddie Bauer should be enjoined from further engaging in the misconduct alleged herein.

70.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the class.

71.     The party opposing the Class has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

72.     ***Typicality.*** Plaintiff's claims are typical of Class members' claims. Plaintiff and Class members all sustained injury as a result of Defendants' practices and schemes.

73.     ***Adequacy.*** Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel who has considerable experience and success in prosecuting complex class action and consumer protection cases.

74.     ***Superiority.*** A class action is the superior method for fairly and efficiently adjudicating this controversy for the following reasons, without limitation:

a.      Class members' interests are relatively small compared to the burden and expense required to litigate each of their claims individually, so it would be impracticable for Class members to seek individual redress for each defendant's illegal and deceptive conduct;

b.      Even if Class members could afford individual litigation, the court system could not. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court; and

c.      Plaintiff anticipates no unusual difficulties in managing this class action.

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CAUSES OF ACTION**

**COUNT I**
**Violation of the Washington Consumer Protection Act**
**(RCW Chapter 19.86)**
**AGAINST DEFENDANT EDDIE BAUER LLC**
**AND DEFENDANTS DOES 1 THROUGH 20**

75.　Plaintiff realleges and incorporates by reference all paragraphs alleged

hereinbefore.

76.　Plaintiff Harbers pleads this count in three separate capacities: in her individual

capacity, as a private attorney general seeking the imposition of public injunctive relief, and/or

as a putative class representative serving on behalf of all others similarly situated.

77.　The Washington Consumer Protection Act (the "CPA"), RCW 19.86, was first

enacted in 1961 and is Washington's principal consumer protection statute. The CPA "replaces

the now largely discarded standard of *caveat emptor* with a standard of fair and honest

dealing." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—

Introduction).

78.　The CPA's primary substantive provision declares unfair methods of

competition and unfair or deceptive acts or practices to be unlawful. RCW 19.86.020. "Private

rights of action may now be maintained for recovery of actual damages, costs, and a reasonable

attorney's fee. RCW 19.86.090. A private plaintiff may be eligible for treble damages . . . .

Private consumers may obtain injunctive relief, even if the injunction would not directly affect

the individual's own rights. RCW 19.86.090." Washington Pattern Jury Instruction Civil

No. 310.00 (Consumer Protection Act—Introduction).

79.　The acts and omissions of Defendant Eddie Bauer and Does 1 through 20,

inclusive, constitute unfair methods of competition and/or unfair or deceptive acts or practices

which directly or indirectly affect the people of the State of Washington and which have

injured Plaintiff Harbers and the members of the Class in his or her or its business or property

and which was the cause of said injury.

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

80.     Defendant Eddie Bauer and Does 1 through 20, inclusive, engage in the conduct of trade or commerce. For example, and without limitation, Defendant Eddie Bauer engages in the sale of assets (including the tangible personal property that the defendant sells) and engaged in commerce directly or indirectly affecting the people of the State of Washington.

81.     As a direct, substantial and/or proximate result of these violations, Plaintiff and the members of the Class suffered injury to business or property. Plaintiff and the members of the Class paid more than they otherwise would have paid for the products they purchased from the defendants and they bought more than they otherwise would have bought from the defendants. The defendants' false reference pricing scheme fraudulently increased demand from consumers, enabling defendants to charge higher prices than they otherwise could have charged.

82.     The acts and/or omissions of each defendant pled herein are injurious to the public interest because said acts and/or omissions: violate a statute that incorporates RCW Chapter 19.86, violate a statute that contains a specific legislative declaration of public interest impact, injures other persons, had the capacity to injure other persons, and/or has the capacity to injure other persons.

83.     The unlawful acts and omissions pled herein were committed in the course of the defendants' business. The unlawful acts and omissions pled herein were, are, and continue to be part of a pattern or generalized course of conduct. The unlawful acts and omissions pled herein were repeatedly committed prior to the acts involving Plaintiff Harbers. There is a real and substantial potential for repetition of the defendants' conduct after the acts involving Plaintiff Harbers; indeed, the conduct continues to this day. This Complaint is not based upon a single transaction. The acts and omissions of the defendants pled herein were, and are not, reasonable in relation to the development and preservation of business.

84.     The balance of the equities favors the entry of permanent injunctive relief against the defendants. Plaintiff, the members of the Class and the general public will be irreparably harmed absent the entry of permanent injunctive relief against the defendants. Plaintiff, the members of the Class and the general public lack an adequate remedy at law. A

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   permanent injunction against the defendants is in the public interest. The defendants' unlawful

2   behavior is ongoing as of the date of the filing of this pleading; absent the entry of a permanent

3   injunction, the defendants' unlawful behavior will not cease and, in the unlikely event that it

4   voluntarily ceases, is likely to reoccur.

### COUNT II
**Permanent Public Injunctive Relief**
**(RCW 19.86.093)**
**AGAINST DEFENDANT EDDIE BAUER LLC**
**AND DEFENDANTS DOES 1 THROUGH 20**

9   85.   Plaintiff realleges and incorporates by reference all paragraphs alleged

10   hereinbefore.

11   86.   Plaintiff Harbers pleads this count in three separate capacities: in her individual

12   capacity, as a private attorney general seeking the imposition of public injunctive relief, and/or

13   as a putative class representative serving on behalf of all others similarly situated.

14   87.   This is a civil action in which an unfair or deceptive act or practice is alleged

15   under RCW 19.86.020.

16   88.   The acts and omissions of Defendant Eddie Bauer and Does 1 through 20,

17   inclusive, constitute unfair methods of competition and/or unfair or deceptive acts or practices

18   which directly or indirectly affect the people of the State of Washington and which have

19   injured Plaintiff Harbers and the members of the Class in his or her or its business or property

20   and which was the cause of said injury.

21   89.   Defendant Eddie Bauer and Does 1 through 20, inclusive, engage in the conduct

22   of trade or commerce. For example, and without limitation, Defendant Eddie Bauer engages in

23   the sale of assets (including the tangible personal property that the defendant sells) and engaged

24   in commerce directly or indirectly affecting the people of the State of Washington.

25   90.   As a direct, substantial and/or proximate result of these violations, Plaintiff

26   Harbers and the members of the Class suffered injury to business or property. Plaintiff Harbers

27   and the members of the Class paid more than they otherwise would have paid for the products

28   they purchased from the defendants and they bought more than they otherwise would have

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 22

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

bought from the defendants. The defendants' false reference pricing scheme fraudulently increased demand from customers, enabling defendants to charge higher prices than they otherwise could have charged.

91.     The acts and/or omissions of each defendant pled herein are injurious to the public interest because said acts and/or omissions: violate a statute that incorporates RCW Chapter 19.86, violates a statute that contains a specific legislative declaration of public interest impact, injures other persons, had the capacity to injure other persons, and/or has the capacity to injure other persons.

92.     The unlawful acts and omissions pled herein were committed in the course of the defendants' business. The unlawful acts and omissions pled herein were, are, and continue to be part of a pattern or generalized course of conduct. The unlawful acts and omissions pled herein were repeatedly committed prior to the acts involving Plaintiff Harbers. There is a real and substantial potential for repetition of the defendants' conduct after the act involving Plaintiff Harbers; indeed, the conduct continues to this day. This Complaint is not based upon a single transaction.

93.     The defendants have an affirmative duty under the law to advertise their products in a manner which is not false, deceptive or misleading. Plaintiff Harbers and the rest of the public should not be put to the burden of having to guess or take extraordinary efforts to ascertain which discounts or other representations made by a defendant in its advertising are true or false, accurate or misleading. Ms. Harbers and the general public have the right to assume that all of the defendants' advertising conforms with the law.

94.     If not enjoined by order of this Court, the defendants will or may continue to injure Plaintiff Harbers and consumers through the misconduct alleged herein. Without the entry of a permanent injunction, the defendants' unlawful behavior is capable of repetition, re-occurrence or increase.

95.     The balance of the equities favors the entry of permanent injunctive relief against the defendants. Plaintiff Harbers, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against the defendants.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 23

**HATTIS & LUKACS**
400 108th Avenue, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  Plaintiff Harbers, the members of the Class, and the general public lack an adequate remedy at

2  law. A permanent injunction against the defendants is in the public interest. The defendants'

3  unlawful behavior is ongoing as of the date of the filing of this pleading; absent the entry of a

4  permanent injunction, the defendants' unlawful behavior will not cease and, in the unlikely

5  event that it voluntarily ceases, is likely to reoccur or is otherwise capable of reoccurring.

6                                       **PRAYER FOR RELIEF**

7          Plaintiff JENNIFER HARBERS, on behalf of herself individually, as a private attorney

8  general, and/or on behalf of the Class of all others similarly situated, hereby respectfully

9  requests that this Court order relief and enter judgment against Defendant Eddie Bauer LLC

10 and Defendants Does 1 through 20, inclusive, individually and/or jointly and/or severally

11 and/or as otherwise appropriate, as follows:

12         A.     For an order certifying the proposed Class and appointing Plaintiff and her

13 counsel to represent the Class;

14         B.     For damages, including actual damages to Plaintiff and the Class in an amount

15 to be determined at trial but which is more than $100,000 and which is estimated to be at least

16 tens of millions of dollars, pursuant to, without limitation, RCW 19.86.090;

17         C.     For additional damages up to an amount not to exceed three times the actual

18 damages sustained by the Plaintiff and the members of the Class up to any applicable statutory

19 maximum pursuant to, without limitation, RCW 19.86.090;

20         D.     For disgorgement or restitution, including, without limitation, disgorgement of

21 all revenues, profits and/or unjust enrichment that each defendant obtained, directly or

22 indirectly, from Plaintiff and the members of the Class or otherwise as a result of the unlawful

23 conduct alleged herein;

24         E.     For nominal damages;

25         F.     For an order that each Defendant be permanently enjoined from the unlawful

26 conduct alleged herein pursuant to, without limitation, RCW 19.86.090;

27

28

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 24

1  G.  An order that each Defendant maintain records for at least two years from the

2  date of each advertisement and/or offer for sale of the following information for auditing

3  purposes to ensure compliance with the ordered injunctive relief: (a) the advertised reference

4  price for each item; (b) the source of the reference price; (c) the offer price and/or net selling

5  price of each item; and (d) any sale event discount percentage and/or any other discount that

6  was advertised and/or applicable to each item;

7  H.  For an order that the Court retain jurisdiction to police Defendants' compliance

8  with the permanent injunctive relief;

9  I.  For pre-judgment and/or post-judgment interest to the extent allowed by law;

10  J.  For attorneys' fees to the extent allowed by law;

11  K.  For costs to the extent allowed by law; and/or

12  L.  For any other relief the Court deems just and proper, including, without

13  limitation, temporary, preliminary and/or permanent injunctive relief.

14

15  DATED this 28th day of May, 2019.

16  Presented by:

17  HATTIS & LUKACS

18  By: _____

19  Daniel M. Hattis
Daniel M. Hattis, WSBA No. 50428
20  dan@hattislaw.com
Che Corrington, WSBA No. 54241
21  che@hattislaw.com
HATTIS & LUKACS
22  400 108th Avenue, Suite 500
Bellevue, WA 98004
23  Tel: 425.233.8650
Fax: 425.412.7171
24  www.hattislaw.com

25  Attorneys for Plaintiff Jennifer Harbers
and the Proposed Class

26

27

28

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 25

HATTIS & LUKACS
400 108th Avenue, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com