IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER HARBERS, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated, | Civil Action No.: 2:19-cv-01012-RAJ |
| Plaintiff, | **MOTION TO COMPEL ARBITRATION, OR IN THE ALTERNATIVE, DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| EDDIE BAUER, LLC, and DOES 1-20, inclusive, | Note on Motion Calendar: Friday, July 26, 2019 |
| Defendants. | ORAL ARGUMENT REQUESTED |

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

# TABLE OF CONTENTS

**Page**

## CONTENTS

I.    Introduction and Summary of Argument ................................................................. 1

II.   Plaintiff's Allegations ............................................................................................. 2

   A.    Plaintiff Accepted the Arbitration Agreement and Class Action Waiver ........................................................................................................ 2

   B.    Plaintiff's Allegations ................................................................................ 5

   C.    What is Not in the Complaint ..................................................................... 7

III.  This Court Should Compel Arbitration and Dismiss this Action ................................. 8

   A.    Under the FAA, Courts Must Enforce Arbitration Agreements According to Their Terms ............................................................................ 9

   B.    Plaintiff Entered into a Valid Arbitration Agreement ................................. 10

   C.    Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Agreement ................................................................................ 11

   D.    The Arbitration Agreement and Class Action Waiver that Plaintiff Repeatedly Accepted Are Enforceable ......................................... 13

IV.   In the Alternative, Plaintiff's Claim Should Be Dismissed for Lack of Standing and Failure to State a Claim ..................................................................... 14

   E.    Legal Standards ........................................................................................ 14

       1.    Rule 12(b)(1) ................................................................................ 14

       2.    Rule 12(b)(6) ................................................................................ 14

       3.    The Washington Consumer Protection Act (CPA) ............................ 15

   F.    Plaintiff Fails to Articulate the Standard that Eddie Bauer Allegedly Failed to Meet ........................................................................... 16

   G.    Plaintiff has Not Established Injury or Causation as to Eddie Bauer's In-Store Pricing, and Also Fails to State a Claim as to Such Pricing ................................................................................................ 17

   H.    The Complaint Fails to State a Claim that Eddie Bauer's Pricing is Deceptive ............................................................................................... 19

V.    Conclusion ............................................................................................................ 23

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................... i
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdalla v. Sec. Indus. Specialists, Inc.*,
No. C13-1674 RAJ, 2014 WL 1248021 (W.D. Wash. Mar. 25, 2014) ............................... 10

*Alaska Protein Recovery, LLC v. PureTek Corp.*,
2014 WL 2011235 (W.D. Wash. 2014) .......................................................................... 12

*Allbaugh v. Perma-Bound*,
2009 WL 10676437 (W.D. Wash. Aug. 14, 2009) ............................................................ 12

*Am. Exp. Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013) ...................................................................................................... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................... 14, 15

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ................................................................................................... 1, 9

*Azimpour v. Sears, Roebuck & Co.*,
15-CV-2798 (JLS) (WVG), 2016 WL 7626188 (S.D. Cal. Oct. 17, 2016) ......................... 18

*Azimpour v. Select Comfort Corp.*,
No. CV 15-4296(DSD/KMM), 2016 WL 3248231 (D. Minn. June 13, 2016) ................... 22

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ....................................................................................... 15

*Britton v. Co-op Banking Grp.*,
4 F.3d 742 (9th Cir. 1993) ............................................................................................ 12

*Cayanan v. Citi Holdings, Inc.*,
928 F. Supp. 2d 1182 (S.D. Cal. 2013) ......................................................................... 12

*Chiron Corp.,v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ...................................................................................... 12

*Comedy Club, Inc. v. Improv W. Assocs.*,
553 F.3d 1277 (9th Cir. 2009) ...................................................................................... 10

*In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*,
835 F.3d 1195 (10th Cir. 2016) .................................................................................... 12

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Crawford v. Beachbody, LLC*,
    2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) ........................................ 11

*In re Currency Conversion Fee Antitrust Litig.*,
    265 F. Supp. 2d 385 (S.D.N.Y. 2003) ........................................ 12

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985) ........................................ 10

*Dennis v. Ralph Lauren Corp.*,
    No. 16-cv-1056 (WQH)(BGS), 2016 WL 7387356 (S.D. Cal. Dec. 20, 2016) .................. 22

*In re Ditropan XL Antitrust Litig.*,
    529 F. Supp. 2d 1098 (N.D. Cal. 2007) ........................................ 14

*Ekin v. Amazon Servs., LLC*,
    84 F. Supp. 3d 1172 (W.D. Wash. 2014) ........................................ 11, 12, 13

*Fagerstrom v. Amazon.com, Inc.*,
    141 F. Supp. 3d 1051 (S.D. Cal. 2015) ........................................ 8

*In re Ferrero Litig.*,
    794 F. Supp. 2d 1107 (S.D. Cal. 2011) ........................................ 18

*First Options of Chi., Inc. v. Kaplan*,
    514 U.S. 938 (1995) ........................................ 10

*Fteja v. Facebook, Inc.*,
    841 F. Supp. 2d 829 (S.D.N.Y. 2012) ........................................ 11

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991) ........................................ 9

*GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994), *superseded by statute on other grounds as
    stated in Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696 (9th Cir. 2013) ............ 15, 21

*Graf v. Match.com, LLC*,
    CV 15-3911 (PA), 2015 WL 4263957 (C.D. Cal. July 10, 2015) ........................................ 11

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ........................................ 16

*Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*,
    104 Wn.2d 776, 719 P.2d 531 (1986) ........................................ 16

*Haskins v. Symantec Corp.*,
    654 F. App'x 338 (9th Cir. 2016) ........................................ 17

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Hauenstein v. Softwrap Ltd.*,
No. C07-0572 MJP2007 .................................................................... 13

*Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*,
134 Wn. App. 210, 135 P.3d 499 (Wash. Ct. App.2006) .................... 16

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
162 Wn.2d 59, 170 P.3d 10 (2007) .................................................. 16

*In re iPhone 4s Consumer Litig.*,
637 F. App'x 414 (9th Cir. 2016) ........................................ 15, 16, 17

*Jacobo v. Ross Stores, Inc.*,
No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. Feb. 23, 2016) ................. 22

*Jennifer Harbers v. Eddie Bauer LLC*, Case No. 2:19-cv-0968-JLR (W.D. Wash.) ................. 6

*JP Morgan Chase Bank, N.A. v. Jones*,
C15-1176 RAJ, 2016 WL 1182153 (W.D. Wash. Mar. 28, 2016) .............................. 11, 12

*Kamaya Co. v. Am. Prop. Consultants, Ltd.*,
959 P.2d 1140 (Wash. Ct. App. 1998) .............................................. 12

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ............................................... 15, 19

*Kilgore v. Keybank Nat. Assoc.*,
718 F.3d 1052 (9th Cir. 2013) ....................................................... 10

*Knutson v. Sirius XM Radio Inc.*,
771 F.3d 559 (9th Cir. 2014) ......................................................... 9

*KPMG LLP v. Cocchi*,
565 U.S. 18 (2011) (per curiam) ................................................... 9

*Kristian v. Comcast Corp.*,
446 F.3d 25 (1st Cir. 2006) ......................................................... 12

*Laster v. T-Mobile USA, Inc.*,
407 F. Supp. 2d 1181 (S.D. Cal. 2005), *aff'd* 252 F. App'x 777 (9th Cir.
2007) ................................................................................. 18

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ................................................................. 14

*M.A. Mortenson Co. v. Timberline Software Corp.*,
140 Wn.2d 568, 998 P.2d 305 (2000) ............................................. 10

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. iv
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Mahfood v. QVC, Inc.*,
No. SACV06-0659 ............................................................................................ 22

*Maple v. Costco Wholesale Corp.*,
649 F. App'x 570 (9th Cir. 2016) ..................................................................... 17

*MCA Fin. Grp., Ltd. v. Gardere Wynne Sewell, L.L.P.*,
No. 05-2562-PHX-MHM, 2007 WL 951959 (D. Ariz. Mar. 27, 2007) ............ 13

*McNamara v. Royal Bank of Scotland Grp., PLC*,
2012 WL 5392181 (S.D. Cal. Nov. 5, 2012) ...................................................... 9

*Minnick v. Clearwire US, LLC*,
683 F. Supp. 2d 1179 (W.D. Wash. 2010) ....................................................... 18

*Mortensen v. Bresnan Commc'ns, LLC*,
722 F.3d 1151 (9th Cir. 2013) .......................................................................... 13

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) .......................................................................................... 9, 11

*Nevarez v. Forty Niners Football Co.*,
2017 WL 3492100 (N.D. Cal. Aug. 15, 2017) .................................................. 11

*Nguyen v. Barnes & Noble Inc.*,
763 F.3d 1171 (9th Cir. 2014) .......................................................................... 11

*Nunez v. Best Buy Co.*,
315 F.R.D. 245 (D. Minn. 2016) ...................................................................... 22

*Panag v. Farmers Ins. Co., of WA*,
166 Wn.2d 27, 204 P.3d 885 (2009) ................................................................. 16

*Pelayo v. Nestle USA, Inc.*,
989 F. Supp. 2d 973 (C.D. Cal. 2013) .............................................................. 16

*People of California v. J.C. Penney Corp.*,
No. BC643036, slip op. (Cal. Sup. Ct., Sept. 6, 2017) (attached as RJN,
Exhibit B) .......................................................................................................... 20

*Peters v. Amazon Servs. LLC*,
2 F. Supp. 3d 1165 (W.D. Wash. 2013) ................................................. 10, 11, 12

*Rael v. New York & Co., Inc.*,
No. 16-cv-369-BAS(JMA), 2016 WL 7655247 (S.D. Cal. Dec. 28, 2016) ........ 22

*Rodriguez v. Experian Servs. Corp.*,
CV 15-3553-R, 2015 WL 12656919 (C.D. Cal. Oct. 5, 2015) ........................... 11

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................... v
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Schmidt v. Samsung Elecs. Am., Inc.*,
   Case No. C16-1725-JCC, 2017 WL 2289035 (W.D. Wash. May 25, 2017) ...................... 11

*Sing v. John L. Scott, Inc.*,
   134 Wn.2d 24, 948 P.2d 816 (Wash. 1997) ............................................... 16

*Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., Inc.*,
   708 F. Supp. 2d 669 (N.D. Ohio 2010) ................................................. 11

*Sonic Fremont, Inc. v. Faizi*,
   No. 12-cv-04537 NC2012 .................................................................. 10

*Sperling v. DSWC, Inc.*,
   699 F. App'x 654 (9th Cir. 2017) ....................................................... 21

*Stafford v. Sunset Mortg.*,
   No. C12-1877 MJP, 2013 WL 1855743 (W.D. Wash. Apr. 29, 2013) ...................... 16

*Stanwood v. Mary Kay, Inc.*,
   941 F. Supp. 2d 1212 (C.D. Cal. 2012) ................................................. 18

*Taylor v. Nike, Inc.*,
   No. 16-cv-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) ......................... 21

*Trujillo v. Gomez*,
   No. 14-cv-2483 (BTM)(BGS),2015 WL 1757870 (S.D. Cal. Apr. 17, 2015) ............... 12

*In re Universal Serv. Fund Tel. Billing Practices Litig.*,
   300 F. Supp. 2d 1107 (D. Kan. 2003) .................................................. 12

*In re Verisign, Inc., Derivative Litig.*,
   531 F. Supp. 2d 1173 (N.D. Cal. 2007) ................................................ 13

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ......................................................... 14

*Wiese v. CACH, LLC*,
   358 P.3d 1213 (2015) .................................................................. 12

*Wiseley v. Amazon.com, Inc.*,
   709 F. App'x. 862 (9th Cir. 2017) ................................................. 11, 13

*Wiseley v. Amazon.com, Inc.*,
   709 F. Appx. 862 (9th Cir. 2017) ...................................................... 8

*Yakima Cty. (West Valley) Fire Prot. Dist. No. 12 v. Yakima*,
   122 Wn.2d 371, 858 P.2d 245 (1993) ................................................... 10

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Yourish v. California Amplifier*,
    191 F.3d 983 (9th Cir. 1999) ............................................................... 15

*Zuver v. Airtouch Commc'ns*,
    153 Wn.2d 293, 103 P.3d 753 (2004) ................................................ 13

**Statutes and Other Authorities**

9 U.S.C. § 2 ............................................................................................ 9, 13

9 U.S.C. § 3 ................................................................................................. 9

Federal Arbitration Act ................................................. 1, 4, 5, 9, 11, 13

Federal Trade Commission's "Guides Against Deceptive Pricing," .......... 7

Rule 12(b)(1) ............................................................................................ 14

Rule 12(b)(6) ............................................................................................ 14

Rule 8 ............................................................................................ 15, 16, 17

Rule 9(b) ............................................................................................ *passim*

U.S. Const. art. III, § 2 ................................................. 14, 17, 18, 19

Washington Consumer Protection Act ................................................. *passim*

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ vii
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Defendant Eddie Bauer LLC moves for an order compelling arbitration, or in the alternative, dismissing Plaintiff Jennifer Harbers' ("Plaintiff") Complaint in its entirety pursuant to Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure. Eddie Bauer bases it motion on the following Memorandum of Points and Authorities, and the Declaration of James McMurdo ("McMurdo Decl.") and Request for Judicial Notice ("RJN") filed herewith.

## I. Introduction and Summary of Argument

On June 19, 2016, Plaintiff purchased a pair of pants from the Eddie Bauer website, eddiebauer.com. Before she made that purchase, she expressly agreed that all disputes she may have with Eddie Bauer shall be subject to binding arbitration and cannot form the basis of a class action lawsuit. Nevertheless, Plaintiff filed the present lawsuit seeking to represent a nationwide class of customers who have shopped at Eddie Bauer stores or on its website. Plaintiff does not claim to have ever stepped into an Eddie Bauer store, viewed an Eddie Bauer price tag, or made an in-store purchase, yet claims that Eddie Bauer has perpetrated a "massive false discount advertising scheme" across the country.

Plaintiff's agreement to arbitrate is valid and enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq.*, and the well-settled rule that class action waivers in arbitration agreements are enforceable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). Accordingly, the Court should compel arbitration and dismiss the Complaint in its entirety.

In the alternative, Plaintiff's complaint should be dismissed for failure to state a claim and lack of standing. Plaintiff's claim as to Eddie Bauer's *in-store* pricing fails for lack of standing and failure to state a claim under Washington's Consumer Protection Act, as Plaintiff does not claim to have made an in-store purchase, and cannot bring claims based on representations that she has not relied on. Plaintiff's failure to allege any facts as to Eddie Bauer's in-store pricing is a separate basis for dismissing these claims pursuant to Rule 12(b)(6), 8, and 9(b).

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 1
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

As to Plaintiff's *online* purchase(s), her admission that the pants she purchased on the Eddie Bauer website *were* offered at their listed price refutes her allegation of "falsity". Plaintiff's Complaint also fails to provide sufficient notice of her claims. Plaintiff does not articulate any legal or factual basis for her subjective and undisclosed standard as to how long the pants should have been offered at their listed price, or facts to support her claim that Eddie Bauer failed to meet that standard.

Plaintiff's silence as to Eddie Bauer's in-store pricing also prevents her from stating a claim as to Eddie Bauer's reference prices in any channel. Plaintiff does not allege that a reasonable consumer would interpret Eddie Bauer's online reference prices to refer only to the prices at which that precise item was offered online, as opposed to in Eddie Bauer stores or at other retailers. Thus, absent facts as to in-store pricing, she cannot state a claim that the online prices are deceptive. The Complaint should be dismissed in its entirety.

## II.     Plaintiff's Allegations

### A.     Plaintiff Accepted the Arbitration Agreement and Class Action Waiver

Plaintiff alleges that she bought a pair of pants through the eddiebauer.com website on or around June 20, 2016. Complaint ¶ 17. She claims to have made "numerous" other purchases from Eddie Bauer, "primarily through the Eddie Bauer website," but does not specify the dates of these purchases or allege that they took place during the class period. *Id.* ¶ 16. Eddie Bauer's records show that Plaintiff made two online purchases during the class period: on June 19, 2016 on and September 12, 2017. McMurdo Decl. ¶ 4. They do not reflect a June 20, 2016 purchase. *Id.*

In making each of these online purchases, Plaintiff expressly accepted Eddie Bauer's Terms of Use ("Terms"), and the arbitration agreement and class action waiver within the Terms. At the time of Plaintiff's alleged purchases, the "Begin Secure Checkout" page said "By ordering you agree to eddiebauer.com's Privacy Policy and Terms of Use." McMurdo Decl. ¶¶ 6-7. It would have been impossible for Plaintiff to make her two online purchases without proceeding through this page. *Id.* ¶ 8. The blue text has provided a hyperlink to the full

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 2
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Terms at all relevant times, and the warning was conspicuously placed at the top of the checkout page (*id.* ¶¶ 6, 7):



Beginning in 2017, and including during Plaintiff's September 12, 2017 purchase, eddiebauer.com included the same "By ordering you agree to eddiebauer.com's Privacy Policy and Terms of Use" language on the "Review" page of the checkout process, again with links to the Terms. McMurdo Decl. ¶¶ 9-10. The "Review" page is the final page of the checkout process. The disclosure is both at the top of the page, and immediately above the "Submit Order" button at the bottom of the page. Here is a reproduction of the Review page as it appeared on September 12, 2017 (*id.*):

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS .................................. 3
Case No. 2:19-cv-01012-RAJ

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900

CHAT UNAVAILABLE | 📱 800-426-8020

## Review

**You're almost done!**
Please review your order for accuracy and submit. Changes cannot be made after the order is placed.
By ordering you agree to eddiebauer.com's Privacy Policy and Terms of Use

**SHIPPING**

Shipping Address
TestFName TestLName
10401 Ne 8th st
Sutie 500
Bellevue, WA 98004
US
Edit

Shipping Method
Standard
**Estimated Arrival**
Tuesday, 07/09-Friday, 07/12
Edit

**BILLING**

Billing Address
TestFName TestLName
10401 Ne 8th st
Sutie 500
Bellevue, WA 98004
US
Edit

**CONTACT**

Email Address
TEST@EDDIEBAUER.COM
Edit

Phone Number
(425) 755-8417
Edit

**ORDER SUMMARY**

1 Item Total                          $20.00

Standard   Shipping ⓘ        $7.99

Sales Tax ⓘ                            $0.00

**ORDER TOTAL:**              **$27.99**

SUBMIT ORDER

*ADD PROMOTION CODE*

**REVIEW ITEMS IN YOUR SHOPPING BAG**

🔍   **Men's Legend Wash Short-Sleeve V-Neck T-Shirt - Classic Fit**
Item#:i33 792 7797

**Size:**XL, Regular
**Color:**Midnight Navy

Edit | Remove

[ 1 ▼ ]

$20.00

In Stock

To complete this order, you must click the "Submit Order" button.
Click only once and wait for your receipt. It may take a minute.
By ordering you agree to eddiebauer.com's Privacy Policy and Terms of Use

SUBMIT ORDER

Other members of the putative class, including Plaintiff during her September 12, 2017 purchase, would have seen the two additional disclosures on the Review page, and as a result, agreed to the Terms by completing their purchases.  Thus, Plaintiff agreed to the Terms on at least three occasions: once on June 19, 2016, and twice on September 12, 2017.

In accepting the Terms in 2016 and 2017, Plaintiff agreed to resolve any dispute with Eddie Bauer through arbitration or small claims court:

> Our first objective is to satisfy our customers, and so we hope to never have a dispute with you. If we can't avoid a dispute, you and we agree to try for 60 days to resolve it by agreement. You and we further agree that if we can't resolve our dispute by agreement within 60 days, we will submit adjudication of our dispute to binding individual arbitration before the American Arbitration Association ("AAA") under the Federal Arbitration Act ("FAA"). You and we

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................... 4
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

agree that a neutral arbitrator will adjudicate our dispute and the arbitrator's decision will be final except for a limited right of appeal under the FAA.

You and we agree to give up our rights to sue in court and have our dispute decided by a judge or jury.

However, we agree that if your claim is small enough that the law allows you to file it in a small claims court, you may do so instead of submitting to binding arbitration. We will submit to binding arbitration in any event.

You also agree to waive—that is, to give up—your right to claim through a class action lawsuit, class-wide arbitration, private attorney-general action, or any other proceeding where someone acts in a representative capacity or individual claims are combined.

…

You accept this Binding Arbitration Agreement and Class Action Waiver by your purchase and or use of the products, or services that we sell you (including by becoming an Eddie Bauer Friends member). You agree to abide by these terms without modification.

RJN, Exhibit A, *available at* https://web.archive.org/web/20160512142709/http:/www.eddiebauer.com:80/company-info/company-info-terms-of-use.jsp; *see also* McMurdo Decl. ¶ 12. The Terms provide Plaintiff and other customers the same substantive rights, and the opportunity to receive the same relief, that they have in Court, although the Class Action waiver forfeits their ability to pursue claims through a class action. RJN, Exhibit A ("The arbiter may award damages."). The terms also provide that Eddie Bauer "will promptly reimburse filing fees that you incur to initiate any arbitration proceeding," and "will not seek our attorneys' fees or expenses from you in any arbitration." *Id*. Plaintiff "may choose to have in in-person arbitration hearing in your county of residence or principal place of business," or via telephone. *Id.*

## B. Plaintiff's Allegations

Plaintiff's Complaint appears to concern her June 19, 2016 purchase, which she claims occurred "on or about June 20, 2016." Complaint ¶ 17. Plaintiff purchased a pair of "Women's Myriad Crop Pants" ("pants") from the Eddie Bauer website. *Id*. ¶ 18. At the time,

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 5
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

the website was allegedly offering "Up to 60% off" as part of its "Semi-Annual Sale." *Id.* ¶ 19. The pants were offered for $39.99, on sale from a $70.00 reference price. *Id.* ¶ 19.

Plaintiff asserts in conclusory fashion that "Eddie Bauer's discounts and reference prices are false, because Eddie Bauer rarely if ever offers its products at the advertised list price." Complaint ¶ 5. Plaintiff admits that the pants had previously been offered for $70 before her purchase, but she claims that Eddie Bauer did not offer the pants for $70 as long as she had expected. *Id.* ¶ 21. Plaintiff also claims that the "Up to 60% off" promotion was deceptive because the Eddie Bauer website offers too many sales, making the promised discount illusory. *Id.*[1]

In support of her claims, Plaintiff claims that her counsel "has been monitoring Eddie Bauer's website since January 16, 2016"—months before Plaintiff's purchase. Complaint ¶ 48. While counsel has allegedly tracked 8,000 items on a daily basis, (*id.*), the Complaint provides only one example of what it considers to be "false reference pricing": the pants purchased by Plaintiff. *Id.* ¶ 21. The Complaint includes a chart that purports to track the price at which Eddie Bauer offered the pants on eddiebauer.com during the months before and after Plaintiff's purchase. *Id.* An excerpt of that chart is reproduced below:



---

[1] In a separate action filed a week before the present case, Plaintiff Jennifer Harbers similarly alleges that Eddie Bauer's email subject lines, which say, e.g., "Everything 50% Off," are deceptive because the website perpetually offers percent-off sales. *Jennifer Harbers v. Eddie Bauer LLC*, Case No. 2:19-cv-0968-JLR (W.D. Wash.).

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................... 6
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

The date of Plaintiff's purchase is marked with the vertical dotted line. The dates on which the black horizontal line overlaps with the blue horizontal line are all days on which the Eddie Bauer website allegedly listed the pants for $70. Thus, Plaintiff recognizes that the website listed these pants at their $70 reference price for select periods of time before and after her purchase.

Plaintiff alleges that the pants were actually offered at $70 for "4 out of the previous 69 days." Complaint ¶ 21. She contends that on many of the days shown on the chart above where the pants were listed for $70, a banner at the top of the Eddie Bauer website was offering an additional discount of 25% to 50% off most items' listed prices. *Id*. However, Plaintiff recognizes that these percentage-off discounts do not necessarily apply to the entire website, and does not allege that the pants were actually included in the banner promotions. *See, e.g. id.* ¶ 55 (recognizing that during the "Semi-Annual Sale" in 2019, nearly a third of items were offered at full price).

Plaintiff purports to bring this action on behalf of "All persons in the United States who, within the applicable limitations period, purchased from an Eddie Bauer brick-and-mortar store or from the Eddie Bauer website (excluding any purchase from an Eddie Bauer Outlet brick-and-mortar store) one or more products which was advertised or promoted by displaying or disseminating a reference price or discount." Complaint ¶ 66. She purports to bring a claim pursuant to Washington's Consumer Protection Act ("CPA"), in addition to a standalone claim for permanent injunctive relief.

### C.     <u>What is Not in the Complaint</u>

The Complaint repeatedly alleges that Eddie Bauer "rarely if ever offers its products at the advertised list price," (Complaint ¶ 5; *see also id.* ¶ 49 ("never or almost never"), ¶ 50 ("rare occasions"), *id.* ¶ 52 ("never or rarely")), but does not offer facts to support this hyperbole. Nor does Plaintiff specify how frequently she believes an item should be offered at its listed price in order to comply with Washington law. Instead, she appears to rely on the Federal Trade Commission's "Guides Against Deceptive Pricing," which recommend that a

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 7
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

reference price be offered "for a reasonably substantial period of time." *Id.* ¶ 40 (citing 16 C.F.R § 233.1(a), (b)). She does not propose any more specific standard.

Although Plaintiff purports to bring claims as to both online and in-store pricing, the Complaint alleges no facts about Eddie Bauer's stores. She does not claim to have ever shopped in an Eddie Bauer store, and does not contend that the pants she purchased were never offered for $70 in Eddie Bauer stores. Plaintiff argues that Eddie Bauer's in-store and online pricing is "the same or substantially the same," but the only support she offers is a single sale event from 2019, years after her 2016 purchase. Complaint ¶ 51. Similarly, in support of her claim that the Eddie Bauer *website* perpetually offers site-wide promotions, Plaintiff relies on sale events that were advertised on the Eddie Bauer website from February 2017 to October 2017. *Id.* ¶¶ 54-56. Plaintiff does not base this action on any purchase from 2017 or 2019, nor does she claim that Eddie Bauer's pricing practices in 2017 or 2019 were similar during the time of her 2016 purchase.

Plaintiff also fails to allege that she sustained any actual damage. Plaintiff does not allege that Eddie Bauer advertised prices that it refused to honor, that Eddie Bauer overcharged any customers, or that she was unhappy with her purchase. She repeatedly claims that the pants are not worth $70 (Complaint ¶¶ 6, 20, 27, 60), but she does not claim that they are worth less than the amount she actually paid. Plaintiff does not even allege how much she actually paid. Looking at the chart included in Plaintiff's Complaint, the price on the date of Plaintiff's purchase appears to have been less than on most other days, with the exception of a sale event around the Fourth of July holiday. *Id.* ¶ 21.

## III.   This Court Should Compel Arbitration and Dismiss this Action

This Court has discretion to dismiss Plaintiff's claims in favor of arbitration. *Fagerstrom v. Amazon.com, Inc.*, 141 F. Supp. 3d 1051, 1074 (S.D. Cal. 2015), aff'd sub nom. *Wiseley v. Amazon, Inc.*, 709 F. App'x 862 (9th Cir. 2017) (citing *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir.1988)). Although staying, and not dismissing, is the remedy specifically contemplated by the 9 U.S.C. § 3, it is well-settled that the court "may

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

compel arbitration and dismiss the action" where, as here, an arbitration agreement is "broad enough to cover all of a plaintiff's claims." *Id.* (quoting *Hopkins & Carley, ALC v. Thomson Elite*, No. 10–CV–05806–LHK, 2011 WL 1327359, at *7 (N.D.Cal. Apr. 6, 2011)).

Because Plaintiff repeatedly agreed to Eddie Bauer's arbitration clause and class action waiver, and those terms are enforceable, the Court should compel arbitration and dismiss Plaintiff's case in its entirety.

## A. Under the FAA, Courts Must Enforce Arbitration Agreements According to Their Terms

The FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congress passed the FAA to "reverse the longstanding judicial hostility to arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The Act reflects an "emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (per curiam) (citation omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (same). Its "principal purpose ... is to ensure that private arbitration agreements are enforced according to their terms." *Concepcion*, 563 U.S at 344 (citation omitted); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) ("[C]ourts must 'rigorously enforce' arbitration agreements according to their terms.") (citation omitted).

The FAA requires courts to compel arbitration if: (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the scope of that agreement. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564-565 (9th Cir. 2014). Where both elements are satisfied, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *McNamara v. Royal Bank of Scotland Grp., PLC*, 2012 WL 5392181, at *3 (S.D. Cal. Nov. 5, 2012) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis in *Dean Witter*); *see also Kilgore v. Keybank Nat. Assoc.*, 718 F.3d 1052, 1058 (9th Cir. 2013).

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................... 9
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## B.  Plaintiff Entered into a Valid Arbitration Agreement

"It is well established 'that where the contract contains an arbitration clause, there is a presumption of arbitrability.'"  *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).  "[T]he most minimal indication of the parties' intent to arbitrate must be given full effect."  *Sonic Fremont, Inc. v. Faizi*, No. 12-cv-04537 NC2012 WL 6051959, at *3 (N.D. Cal. Dec. 5, 2012) (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991)); *see also Peters v. Amazon Servs. LLC*, 2 F. Supp. 3d 1165, 1169 (W.D. Wash. 2013).

In determining whether parties agreed to arbitrate, "courts ... apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Abdalla v. Sec. Indus. Specialists, Inc.,* No. C13-1674 RAJ, 2014 WL 1248021, at *1 (W.D. Wash. Mar. 25, 2014).  Under Washington law, a contract exists where the parties mutually assent to the terms of the agreement. *Yakima Cty. (West Valley) Fire Prot. Dist. No. 12 v. Yakima*, 122 Wn.2d 371, 388-89, 858 P.2d 245 (1993). In applying this standard, courts in Washington hold that a party to a contract cannot argue lack of mutual assent as long as the party "was not deprived of the opportunity to read the contract, the contract was 'plain and unambiguous', the party was capable of understanding the contract, and no fraud, deceit, or coercion occurred." *Id.*; *see also M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wn.2d 568, 584, 998 P.2d 305 (2000).

In the context of online transactions, courts interpreting Washington law routinely enforce contracts where, as here, (i) a consumer is expressly told that by clicking a button to complete a purchase or register on a Website, they are agreeing to be bound by a set of terms; and (ii) the website contains a link to the terms conspicuously and in proximity to the button that is clicked. *See*, e.g. *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862 (9th Cir. 2017); *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) ("courts have consistently enforced browsewrap agreements where the user had actual notice of the agreement"); *Ekin v.*

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 10
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1175 n.5 (W.D. Wash. 2014); *Peters v. Amazon Servs., LLC*, 2 F. Supp. 3d 1165, 1168-69, 1170 (W.D. Wash. 2013); *see also Schmidt v. Samsung Elecs. Am., Inc.*, Case No. C16-1725-JCC, 2017 WL 2289035, at *2 (W.D. Wash. May 25, 2017) (plaintiff assented to arbitration agreement under Washington and California law where cell phone packaging contained brochure stating that "by using this device, you accept those [contained] terms and conditions" and plaintiff could have opened the box to find and read the agreement).[2]

Plaintiff agreed to Eddie Bauer's Terms, including the arbitration clause and class action waiver, when she made the purchase at issue in June 2016, and again in September 2017. Plaintiff could not have completed either of these purchases without agreeing to these Terms. If Plaintiff did not want to agree to the terms, she could have chosen to not complete her purchase.

### C.    Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Agreement

Because the FAA reflects a "liberal federal policy favoring arbitration agreements," the Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25; see also *JP Morgan Chase Bank, N.A. v. Jones*, C15-1176 RAJ, 2016 WL 1182153, at *8 (W.D. Wash. Mar. 28, 2016) (this is true "whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.") (internal quotations and citations omitted). "Indeed, arbitration clauses have a presumption of arbitrability that 'should not be denied unless it may be said with positive assurance that the arbitration clause is not

---

[2] Other district courts have similarly enforced contracts in these and similar circumstances. *See, e.g., Nevarez v. Forty Niners Football Co.*, 2017 WL 3492100, at **7-8 (N.D. Cal. Aug. 15, 2017) (holding contract enforceable where user clicked "Submit Order" and below the button the page stated: "By continuing past this page, you agree to our terms of use," and the terms of use were hyperlinked); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 835 (S.D.N.Y. 2012); *Snap-on Bus. Sols. Inc. v. O'Neil & Assocs, Inc.*, 708 F. Supp. 2d 669, 683 (N.D. Ohio 2010); *Rodriguez v. Experian Servs. Corp.*, CV 15-3553-R, 2015 WL 12656919, at *2 (C.D. Cal. Oct. 5, 2015); *Graf v. Match.com, LLC*, CV 15-3911 (PA)(MRWx), 2015 WL 4263957, at *4 (C.D. Cal. July 10, 2015); *Crawford v. Beachbody, LLC*, 2014 WL 6606563, at *1 (S.D. Cal. Nov. 5, 2014).

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

susceptible of an interpretation that covers the asserted dispute.'" *Id.* at *23 (citation omitted); *see also Kamaya Co. v. Am. Prop. Consultants, Ltd.*, 959 P.2d 1140 (Wash. Ct. App. 1998).

Here, Eddie Bauer's arbitration agreement and class action waiver cover any dispute that Plaintiff may have with Eddie Bauer (*see* RJN, Exh. A). Plaintiff's claims here, concerning her purchase from the Eddie Bauer website, fall squarely within this scope. "[F]ar reaching" provisions such as Eddie Bauer's are "routinely used ... to secure the broadest possible arbitration coverage." *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993); *Chiron Corp.,v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1131 (9th Cir. 2000) (same); *Peters*, 2 F. Supp. 3d at 1173; *Ekin*, 84 F. Supp. 3d at 1178; *Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182, 1207 (S.D. Cal. 2013) (enforcing "any dispute" arbitration clause); *Alaska Protein Recovery, LLC v. PureTek Corp.*, 2014 WL 2011235, at **3-4 (W.D. Wash. 2014); *Wiese v. CACH, LLC*, 358 P.3d 1213 (2015).

Plaintiff's claims in this action also fall within the Terms that Plaintiff agreed to twice during her September 2017 purchase. Although Plaintiff's 2017 purchase is not the subject of this action, Eddie Bauer's terms are broadly drafted to cover all claims Plaintiff may have, including claims stemming from prior purchases. *See Allbaugh v. Perma-Bound*, 2009 WL 10676437, at *9 (W.D. Wash. Aug. 14, 2009) (rejecting "argument that the arbitration provision does not apply to claims that arose before the effective date of the" agreement where the arbitration agreement applied to "[a]ny dispute, controversy, or claim arising out of or relating to this Agreement, or the breach, termination, or invalidity thereof").[3]

---

[3] *See also In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 407 (S.D.N.Y. 2003) (applying arbitration provision encompassing "[a]ny dispute, claim, or controversy . . . arising out of or relating to this Agreement, your Account, or the validity or scope of any provision of this Agreement" to alleged statutory violations "prior to [the consumer's] acceptance of the . . . cardholder agreement); *Kristian v. Comcast Corp.*, 446 F.3d 25, 32-35 (1st Cir. 2006) (in agreement between cable provider and consumers, applying broad arbitration provision to claims arising before the agreement was entered into); *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1201-1202 (10th Cir. 2016) (same); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1123-1124 (D. Kan. 2003) (same); *Trujillo v. Gomez*, No. 14-cv-2483 (BTM)(BGS),2015 WL 1757870, at *8 (S.D. Cal. Apr. 17, 2015) (broad arbitration clause that "does not include any temporal limitations" applies to claims arising before the agreement was entered into); *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1224 (N.D. Cal. 2007) (same); *MCA Fin. Grp., Ltd. v. Gardere Wynne Sewell, L.L.P.*, No. 05-2562-PHX-MHM, 2007 WL 951959, at *5 (D. Ariz. Mar. 27, 2007) (same).

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ 12
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This "savings clause" of the FAA "preserves generally applicable contract defenses, such as fraud, duress, or unconscionability." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1158 (9th Cir. 2013). Here, Plaintiff has no basis to avoid her agreement to arbitrate.

The arbitration agreement is not procedurally unconscionable, because Plaintiff chose to accept Eddie Bauer's terms in order to shop on eddiebauer.com. *See Ekin*, 2014 WL 7741772, at *3 n.5; *Zuver v. Airtouch Commc'ns*, 153 Wn.2d 293, 304, 103 P.3d 753 (2004) ("[T]he key inquiry for ... procedural unconscionability is whether [a party] lacked meaningful choice."). Plaintiff could not have bought the product as she did without first accepting the Terms and the arbitration agreement. The Terms are conspicuously disclosed at the top of the checkout page, which state, "By ordering you agree to eddiebauer.com's Privacy Policy and Terms of Use," with contrasting text and a link to the Terms. Plaintiff had a "reasonable opportunity to understand" that she would be bound by the Terms, including the arbitration clause. *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 864 (9th Cir. 2017) (citing *Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 760 (Wash. 2004). If Plaintiff did not want to accept the Terms or the arbitration agreement, she could have decided not to proceed with her purchase.

Nor are the Terms substantively unconscionable—that is, so one-sided as to be "monstrously harsh" or "shocking to the conscience." *Hauenstein v. Softwrap Ltd.*, No. C07-0572 MJP2007 WL 2404624, at *5 (W.D. Wash. Aug. 17, 2007) (quoting *Nelson v. McGoldrick*, 896 P.2d 1258, 1261-1262 (Wash. 1995)). The Terms gave Plaintiff the full right to pursue all available remedies, efficiently and without paying arbitration costs. The agreement allows Plaintiff to choose the location of the arbitration (or to arbitrate by phone),

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ............................... 13
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

and states that Eddie Bauer will pay the costs (unless the arbiter finds Plaintiff's claims frivolous).

## IV. In the Alternative, Plaintiff's Claim Should Be Dismissed for Lack of Standing and Failure to State a Claim

### E. Legal Standards

#### 1. Rule 12(b)(1)

Federal courts may only adjudicate "cases" and "controversies." U.S. Const. art. III, § 2. To establish Article III standing, a plaintiff must plead facts to demonstrate three things: (1) that he suffered an injury-in-fact that is "concrete and particularized . . . [and] actual or imminent, not 'conjectural' or 'hypothetical'"; (2) the injury is fairly traceable to the action of the defendant; and (3) the injury will likely be redressed with a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

"[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 347 (1996)). Plaintiffs bear the burden of establishing standing, and if they fail to do so, dismissal is mandatory under Fed. R. Civ. P. 12(b)(1). *See Lujan*, 504 U.S. at 561; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Eddie Bauer's standing arguments do not go to the whole Complaint, but only to the portions of Plaintiff's claims relating to in-store pricing.

#### 2. Rule 12(b)(6)

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff pleads ***factual content*** that allows the court to draw the

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 14
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).

A plaintiff alleging fraudulent conduct must further satisfy Rule 9(b), which requires the plaintiff to plead the circumstances constituting fraud with particularly. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also:

> [T]o deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society *enormous social and economic costs absent some factual basis*.

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (emphasis added, internal citations and quotation marks omitted).

The Ninth Circuit has made clear that Rule 9(b) requires more than merely pleading "facts necessary to identify the transaction." *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549-53 (9th Cir. 1994), *superseded by statute on other grounds as stated in Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696 (9th Cir. 2013); *accord Yourish v. California Amplifier*, 191 F.3d 983, 994 (9th Cir. 1999) ("We rejected this contention because, although it would furnish the defendants with notice, it would collapse Rule 9(b) into Rule 8(a)"). Instead, a plaintiff must plead evidentiary facts giving rise to an inference that the allegedly fraudulent statements were false when made. *GlenFed*, 42 F.3d at 1549-1553; *see also In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016) (quoting *Cafasso ex. rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)) (emphasis added).

3. The Washington Consumer Protection Act (CPA)

To state a claim under the CPA, Plaintiff "must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.,* 104 Wn.2d 776, 780, 719 P.2d 531, 533 (1986).

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ 15
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Washington courts have held that a deceptive act must have the capacity to deceive a substantial portion of the population (*Sing v. John L. Scott, Inc.,* 134 Wn.2d 24, 30, 948 P.2d 816, 819 (Wash. 1997)) and "misleads or misrepresents something of material importance." *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC,* 134 Wn. App. 210, 226, 135 P.3d 499, 507 (Wash. Ct. App.2006).

The causation element requires the plaintiff to "establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84, 170 P.3d 10, 21 (2007); *Stafford v. Sunset Mortg.*, No. C12-1877 MJP, 2013 WL 1855743, at *3 (W.D. Wash. Apr. 29, 2013) ("even if Plaintiff could prove . . . a deceptive act or unfair business practice, her CPA claim still fails because she does not allege specific facts regarding causation"). If the injury would have occurred regardless of whether the alleged violation existed, causation is not established. *Panag v. Farmers Ins. Co., of WA*, 166 Wn.2d 27, 64, 204 P.3d 885, 903 (2009).

## F. <u>Plaintiff Fails to Articulate the Standard that Eddie Bauer Allegedly Failed to Meet</u>

Plaintiff's claim is that Eddie Bauer did not offer her pants for $70 for long enough to satisfy her expectations, but she fails to articulate what those expectations actually are. This dooms her case under Rules 8 and 9(b).

As the Ninth Circuit has explained, "Failure to meet Plaintiffs' undefined expectations of consistency does not render [defendant's] representations misleading." *In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016); *see also Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) ("Plaintiff … fails to offer an objective or plausible definition of the phrase 'All Natural,' and the use of the term 'All Natural' is not deceptive in context."); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090 (N.D. Cal. 2017).

In *In re iPhone 4s*, the Ninth Circuit held that the plaintiffs failed to satisfy Rule 9(b) because they "fail to define what level of consistency they expected" from Apple's representations concerning its Siri feature. Similar to here, where the pants have been offered

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

at their $70 ticketed price, the Court noted, "Plaintiffs also do not allege that Siri never worked, just that Siri did not work as consistently as they expected." 637 F. App'x at 415-16. In light of the plaintiffs' failure to "articulate what level of consistent performance Apple fraudulently represented, they similarly fail to define the level of consistency a reasonable consumer would expect." *Id*. at 416. On this basis, the Court held that the plaintiffs had also failed to state a plausible claim under Rule 8. As in *In re iPhone 4s*, Plaintiff has not alleged how she interpreted the representations at issue, or how reasonable consumers interpret those representations. These allegations are required to provide notice of her claims under Rule 8, and to state her clam with particularity under Rule 9(b).

### G. Plaintiff has Not Established Injury or Causation as to Eddie Bauer's In-Store Pricing, and Also Fails to State a Claim as to Such Pricing

Plaintiff purports to bring this action on behalf of both in-store and online customers, but the Complaint is nearly silent as to Eddie Bauer's in-store pricing. Plaintiff does not claim to have been deceived by Eddie Bauer's in-store pricing, or to have bought anything on sale in an Eddie Bauer store during the class period. She thus cannot establish any injury caused by Eddie Bauer's in-store pricing. Plaintiff therefore lacks Article III standing and fails to state a claim under the CPA.

The Ninth Circuit has made clear that a plaintiff cannot bring claims based on representations that she did not see or rely on. *See, e.g., Maple v. Costco Wholesale Corp.*, 649 F. App'x 570, 572 (9th Cir. 2016) ("To the extent that Plaintiff's claim challenges … the failure to describe the caffeine and other ingredients as 'unnatural' the claim fails because Plaintiff has not alleged that he read those parts of the label. Accordingly, he cannot establish causation."); *Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016) (affirming dismissal of claims under California's consumer protection laws where plaintiff "did not allege that she read and relied on a specific misrepresentation by Symantec"); *Laster v. T-Mobile USA, Inc.,* 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005), *aff'd* 252 F. App'x 777 (9th Cir. 2007) ("While Plaintiffs meticulously describe the allegedly misleading advertisements . . . none of the named

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ 17
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Plaintiffs allege that they saw, read, or in any way relied on the advertisements; nor do they allege that they entered into the transaction *as a result* of [them].").

Where, as here, a suit involves both online and in-store sales, but the plaintiff only claims to have shopped in one of the two channels, the plaintiff cannot bring claims as to the channel she has not visited. *See, e.g. Azimpour v. Sears, Roebuck & Co.*, 15-CV-2798 (JLS) (WVG), 2016 WL 7626188, at *4 (S.D. Cal. Oct. 17, 2016) ("even though Plaintiff alleges that the pillow was advertised online at a similar price as of the filing of his FAC [], Plaintiff does not allege that he viewed and relied on this advertisement *prior to* purchasing the pillow. … Plaintiff has not sufficiently alleged [Article III] standing to raise such claims."); *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1218 (C.D. Cal. 2012) (finding the plaintiff failed to establish causation as to online representations where "[s]he has not alleged that she viewed any of those sources, and therefore cannot link her injuries to those misrepresentations"); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1112 (S.D. Cal. 2011) ("based on the allegations in the consolidated complaint, Plaintiffs did not actually rely on the statements on Nutella®'s website before making their purchases and lack standing to challenge these statements under [California's consumer protection laws, which, like the CPA, require causation]."); *see also Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188 (W.D. Wash. 2010) ("The Complaint faults the 'FAQ' section of Clearwire's website, but does not allege that any named Plaintiff actually visited the website.")

Plaintiff argues that Eddie Bauer's in-store and online pricing is "the same or substantially the same." Complaint ¶ 51. This conclusory assertion is supported by "information and belief" and "Plaintiff's investigation," which, as it relates to brick-and-mortar pricing, appears to consist of a single instance in which Eddie Bauer's website and store offered the same promotion, years after Plaintiff's purchase. *Id*. This allegation only considers the name of the promotion and percentage discount—not the items included, prices offered, or the way the promotion is advertised. As Plaintiff recognizes, Eddie Bauer advertises its pricing and promotions differently online and in-store: in-store, the pricing is advertised on signage

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ 18
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

"inside the store, on the racks and shelves, on the store windows, and at the entrance," and online, the pricing is advertised "on site-wide banner ads, on the homepage, and in website product listings." *Id*. ¶ 47. In-store signage can be in the form of a chalkboard, while online banners include digital photography. *Id.* ¶ 51. Plaintiff does not claim to have viewed the in-store signage, or the "direct mail, email, print, and other internet advertising" mentioned in the Complaint. *Id*. ¶ 47. She has not alleged any injury caused by these representations, and therefore lacks Article III standing and fails to state a CPA claim. Her allegations should be stricken from the Complaint.

**H.** **The Complaint Fails to State a Claim that Eddie Bauer's Pricing is Deceptive**

The only item identified in the complaint is the pair of pants purchased by Plaintiff. Plaintiff admits that Eddie Bauer offered these pants for their $70 reference price on eddiebauer.com for at least several days before Plaintiff's purchase. Complaint ¶ 21. Plaintiff's argument that Eddie Bauer did not offer the pants for $70 long enough *online* says nothing as to whether the reference price for the pants is deceptive, because it ignores the possibility that the pants had been sold for that price in Eddie Bauer's predominant channel of trade: brick-and-mortar stores.

As an initial matter, Plaintiff's claims as to in-store pricing should be dismissed because Plaintiff does not allege any facts to support her conclusory allegation that Eddie Bauer's in-store pricing is deceptive. Plaintiff certainly does not set forth "the who, what, when, where, and how" of Eddie Bauer's allegedly deceptive conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). This Court should reject Plaintiff's attempt to boot-strap claims as to in-store pricing onto her counsel's alleged investigation into Eddie Bauer's website.

Without factual allegations as to Eddie Bauer's in-store pricing, Plaintiff's claims as to Eddie Bauer's online pricing also fail. By far the most analogous opinion is *People of California v. J.C. Penney Corp.*, No. BC643036, slip op. (Cal. Sup. Ct., Sept. 6, 2017) (attached as RJN, Exhibit B), which was brought by Plaintiff's counsel here (in conjunction

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ 19
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

with the Los Angeles City Attorney) against four retailers, based on very similar allegations. As here, the coordinated complaints asserted "a theory of false and misleading advertising based on Defendants' having never charged the listed reference price, but [plaintiff has] offered only specific facts alleging that Defendants advertised reference prices in online sale listings, but never charged those prices online." RJN, Exh. B at *4. Also as in this case, Plaintiff's counsel purported to track the pricing of each item sold on the retailer defendants' websites on a daily basis. Unlike here, however, the complaints alleged that the vast majority of the retailers' merchandise was never offered online at full-price.

The trial court in *J.C. Penney* sustained the retailers' demurrers in full, explaining that the plaintiff could not allege the falsity of online prices without either (a) alleging facts that each retailer "never, in its brick and mortar stores, charged the reference price," or (b) "alleg[ing] that it is false or misleading to advertise a reference price on the internet when the product was never offered at the reference price on the internet … and to indicate the basis for this legal theory." RJN, Exh. B at *5. The Court continued:

> The People argue that it is not a part of their case, but rather a defense, if Defendants charged a reference price at their brick and mortar stores. This argument is incorrect. It is the People's burden to prove falsity or the misleading nature of the reference price. [Citation] The People must allege facts sufficient to show the falsity or the misleading aspect of the reference prices allegedly charged.

*Id*. at *6. The *J.C. Penney* decision was reached in California state court, where Rule 9(b)'s heightened standard does not apply. Rule 9(b) provides further basis for rejecting the sufficiency of Plaintiff's allegations. *See GlenFed,* 42 F.3d at 1549-1553 (a plaintiff must plead evidentiary facts supporting claim that statement at issue is false).

While Plaintiff's counsel has filed several price advertising cases in Washington state and federal courts, Eddie Bauer is not aware of any in which a motion to dismiss has been decided. Nor is Eddie Bauer aware of any other pricing case brought in Washington state or federal court in recent years. However, numerous federal courts in California have granted

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ 20
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

motions to dismiss pricing claims pursuant to Rule 9(b), where plaintiffs failed to allege facts concerning the prices at which the merchandise has been sold has been sold in other channels.

In *Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017), for example, the Ninth Circuit affirmed the dismissal of claims alleging deceptive "Compare At" reference prices, based on a finding that the plaintiff had failed to allege sufficient facts to support her claim that the shoes she purchased were not offered by other retailers for their "Compare At" price. While the plaintiff claimed that other retailers did, in fact, sell the shoes at issue for less than their "Compare At" price, and alleged pricing information for those other retailers, she failed to allege that the she investigated the other retailers near the time of her purchase.

In *Rael v. Dooney & Bourke, Inc.*, 16CV0371 JM(DHB), 2016 WL 3952219 (S.D. Cal. July 22, 2016), the district court dismissed a complaint premised exclusively on allegations of pricing in outlet stores. The Court specifically asked, "Did [plaintiff's counsel, during the alleged investigation,] visit any D&B retail or outlet stores? Did he visit the D&B website, and if so, on which dates?" *Id*. at *3. The Court also noted that the plaintiff failed to explain why it would be deceptive for a retailer to use reference prices from other channels: "If Plaintiff's contention is that it is generally illegal to move an item from a retail store to an outlet store and mark it as reduced compared to the retail price, Plaintiff has provided no legal authority to support it." *Id.*

*Taylor v. Nike, Inc.*, No. 16-cv-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) provides another example. There, the court applied California law and held that plaintiffs' allegations regarding advertised "Sugg. Retail Price[s]" were insufficient because it was unclear whether the allegedly misleading reference prices "were previously offered at Nike retail stores or other, non-outlet retailers." *Id*. at 6.

In *Dennis v. Ralph Lauren Corp.*, No. 16-cv-1056 (WQH)(BGS), 2016 WL 7387356 (S.D. Cal. Dec. 20, 2016), the district court held that the "[p]laintiff d[id] not state a claim under [California's consumer protection laws], because [the] [p]laintiff d[id] not allege facts to support an inference that the 'original or market' prices allegedly advertised by Defendant

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 21
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

[we]re false." *Id*. at *4. The district court noted that "The only store that Plaintiff specifically identifies in the counsel's investigation is the Ralph Lauren outlet store where Plaintiff purchased the girl's polo shirt," and criticized the plaintiff's failure to allege that a product "was unavailable at the $74.99 price at other locations offering Ralph Lauren products, such as the 'Polo retail stores[], high-end department stores, and related online stores.'" *Id*.[4]

Unable to plausibly make any factual allegation regarding Eddie Bauer's brick-and-mortar pricing, Plaintiff claims, as mentioned above, that "Based on investigation of Plaintiff's counsel and on information and belief, Eddie Bauer's online and in-store list and sales prices are the same or substantially the same." Complaint ¶ 51. In support, the Complaint identifies a single day in which one store offered a "Spring Madness" sale both in-stores and online. *Id*. ¶ 49. There is no indication that counsel's "investigation" into in-store pricing consisted of anything else. This example is from April 2019—three years after the purchase at issue. Plaintiff does not allege any facts to support a conclusion that each item's pricing was the same in-store and online during this sale, let alone at any other time during the class period. Indeed, she does not allege the in-store price of a single item during this sale or otherwise. This sole example does "demonstrate[] that Eddie Bauer's advertised store-wide sales and advertised discounts are false." *Id*. ¶ 49.

Plaintiff does not allege that reasonable consumers would interpret an online reference price in a vacuum, without any reference to in-store pricing. Such an interpretation would defy common sense and the realities of modern-day shopping. Regardless, Eddie Bauer's online pricing is not deceptive because the face of the Complaint shows that the pants purchased by Plaintiff were, in fact, offered at their $70 reference price for several days both before and after

---

[4] Numerous other courts have dismissed pricing claims under Rule 9(b) for failing to allege sufficient facts showing that the retailer's reference prices are deceptive. *See, e.g. Rael v. New York & Co., Inc.*, No. 16-cv-369-BAS(JMA), 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016); *Mahfood v. QVC, Inc.*, No. SACV06-0659 AG(ANx), 2007 WL 9363986, at *4 (C.D. Cal. Feb. 7, 2007); *Nunez v. Best Buy Co.*, 315 F.R.D. 245 (D. Minn. 2016); *Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *3 (C.D. Cal. Feb. 23, 2016); *Azimpour v. Select Comfort Corp.*, No. CV 15-4296(DSD/KMM), 2016 WL 3248231, at *2 (D. Minn. June 13, 2016).

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 22
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Plaintiff's purchase.  There was thus nothing deceptive about advertising $70 as a list price for the pants.

V.    **Conclusion**

For the foregoing reasons, Eddie Bauer respectfully requests that the Court grant its motion to compel arbitration, or in the alternative, motion to dismiss.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

Respectfully submitted this 3rd day of July, 2019,

SEED IP Law Group LLP

 /s/ Marc C. Levy
Marc C. Levy, WSBA No. 19203
Thomas A. Shewmake, WSBA No. 50765
701 Fifth Ave., Suite 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile: 206-682-6031
marcl@seedip.com
tomshewmake@seedip.com

STEPTOE & JOHNSON LLP
Stephanie A. Sheridan (*Admitted Pro Hac Vice*)
Anthony J. Anscombe (*Admitted Pro Hac Vice*)
Meegan B. Brooks (*Admitted Pro Hac Vice*)
One Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94105
Telephone: 415-365-6700
Facsimile: 415-365-6699
ssheridan@steptoe.com
aanscombe@steptoe.com
mbrooks@steptoe.com

Attorneys for Defendant
Eddie Bauer LLC

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................. 24
Case No. 2:19-cv-01012-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of July 2019, I caused to be electronically filed the foregoing MOTION TO COMPEL ARBITRATION, OR IN THE ALTERNATIVE, DISMISS with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

> Daniel M. Hattis
> Che Corrington
> dan@hattislaw.com
> che@hattislaw.com
> HATTIS & LUKACS
> 400 108th Avenue, Suite 500
> Bellevue, WA 98004

   /s/Ashley Baxter
Ashley Baxter

MOTION TO COMPEL ARBITRATION, OR IN
THE ALTERNATIVE, DISMISS ................................ 25
Case No. 2:19-cv-01012-RAJ

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900